**Woodrow H. GAUTHIER, Petitioner-Appellant,**

v.

**John C. BURKE, Warden, Respondent-Appellee.**

**No. 16481.**

United States Court of Appeals
Seventh Circuit.

Oct. 8, 1968.

Leah S. Hamilton, Chicago, Ill., for petitioner-appellant.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen., for respondent-appellee.

Before MAJOR, Senior Circuit Judge, and HASTINGS and CUMMINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Petitioner Woodrow H. Gauthier appeals from the denial of his petition for a writ of habeas corpus, without an evidentiary hearing by the district court.[1] The records before us reveal the background of the instant federal habeas appeal, the relevant portions of which we shall briefly summarize.

---

1. The United States District Court for the Western District of Wisconsin, Honorable James E. Doyle presiding.

Petitioner was charged in the circuit court of Rusk County, Wisconsin, in July, 1961, with the crime of sexual intercourse with his 14-year old niece on at least three occasions from February to May, 1961, contrary to Wis.Stat. § 944.-10(2).[2] Petitioner was 41 years of age and temporarily residing in the home of his brother Henry, on Henry's farm, at the time of the incidents charged. Petitioner was arrested on the foregoing charge July 10, 1941. Following a preliminary hearing, he was bound over for trial and confined in the Barron county jail. Before any further proceedings were had in court, petitioner escaped from jail on August 4, 1961. He was a fugitive from justice until his apprehension and arrest in Oklahoma by agents of the Federal Bureau of Investigation in 1964 and subsequent return to Wisconsin.

He was arraigned in the circuit court of Rusk County on April 13, 1964. At that time the trial court appointed attorney George A. Hagerty to represent petitioner, who had already privately retained S. P. Rigler as his personal attorney. Hagerty and Rigler represented petitioner throughout the subsequent proceedings and trial. Petitioner entered pleas of not guilty and not guilty because of insanity.

A jury was called for trial and was present to hear the case the next morning. Petitioner was present in court with his attorneys and moved the court to waive a trial by jury. Petitioner was joined in this motion by his counsel and consent was given by the state's attorney. Request was made that the case be tried before the court. The waiver of jury trial was approved by the court. Thereupon, on petitioner's motion, the trial was stayed and petitioner was committed to Central State Hospital, Wau-

pun, Wisconsin, for observation and examination of his mental competency at the time of the alleged offense and to stand trial.

Three months later, June 17, 1964, based on the report of examining doctors of Central State Hospital, the trial court found and determined that petitioner was mentally competent to stand trial and to be judged for the accountability of his acts.

Trial was had to the court, without a jury, and petitioner was adjudged guilty and sentenced to an indeterminate term of not more than 15 years. Following denial of a motion for a new trial, petitioner was represented on appeal by counsel appointed by the Supreme Court of Wisconsin which subsequently affirmed the conviction. Gauthier v. State, 28 Wis.2d 412, 137 N.W.2d 101 (1965). Certiorari was denied by the Supreme Court, 383 U.S. 916, 86 S.Ct. 910, 15 L.Ed.2d 671.

Thereafter, on January 20, 1966, the circuit court of Rusk County denied a petition for writ of error coram nobis, which denial was summarily affirmed by the Supreme Court of Wisconsin on October 12, 1966.

On October 17, 1966, a petition for a writ of habeas corpus was filed in the Supreme Court of Wisconsin. Following a return thereto by the respondent warden, in an unpublished opinion (made a part of this record) the Wisconsin Supreme Court reviewed the transcript of the trial proceedings and denied the habeas petition. It found there was no evidence to support petitioner's allegation that his counsel was ineffective; that a public trial was had in open court; and that petitioner waived a jury trial in open court pursuant to Wis.Stat. § 957.01 (1).[3]

---

2. "Sexual intercourse with a child. Any male who has sexual intercourse with a female he knows is not his wife may be penalized as follows: * * * If the female is under the age of 16, and the male

is 18 years of age or over, imprisoned not more than 15 years."

3. "957.01 Jury trial: waiver (1) Except as otherwise provided in this section,

On February 6, 1967, petitioner filed the subject petition for a writ of habeas corpus. Leave was granted to proceed in forma pauperis. Respondent warden filed a response and petitioner filed a "traverse" to the response.

The district court in an unpublished well-reasoned memorandum opinion carefully considered and reviewed the entire record, together with the opinions by the Wisconsin Supreme Court and concluded that claims of deprivation of his federal constitutional rights were not established and denied the petition. This appeal followed.

■■■ Petitioner claims he was deprived of his constitutional right to confront witnesses with respect to evidence of his flight and escape from jail by the introduction in evidence of an unauthenticated "FBI Wanted Bulletin." The Supreme Court of Wisconsin, Gauthier v. State, 137 N.W.2d 101, 105–106 (1965), considered this claim in the appeal from his conviction, as did the district court below. On examination of the record, we agree that this evidence was properly admitted. Petitioner was not tried on that charge. At most such evidence was merely corroborative of proof of guilt. In a case of statutory rape, corroboration is not required.

■■■ Further, petitioner took the stand in his own defense. On direct examination his counsel handed him Exhibit 3 (the FBI Wanted Bulletin) and asked him if he left the Barron county jail. He answered in the affirmative and that he left so he "wouldn't have to testify against my brother and my nephew." On cross-examination, he admitted that since August, 1961, he had been out of the "country", in "different states" until he was brought back to Wisconsin after his arrest in Oklahoma by the FBI. This and other evidence in the record established that petitioner had engaged in flight and became a fugitive

from justice. We find no constitutional deprivation here.

In passing, it may be added that our view of the record indicates that the trial judge did not rely on flight in finding petitioner guilty.

Petitioner next contends he requested and was denied a jury trial and that his counsel waived jury trial without his consent or understanding. We have reviewed the record and do not find support for this claim. The *trial court's minutes* show that on April 14, 1964, the day after arraignment, when petitioner was present in court with his two lawyers, a jury had been called and was ready to try the case; that a recess was taken and petitioner's counsel moved to waive trial by jury; that "defendant waives trial by jury, which waiver is joined by his counsel;" that the state consented thereto; and the waiver by defendant and the consent thereto were approved by the court "as per Statute 957.01," supra. The jury was then excused.

On June 17, 1964, following commitment of petitioner for observation, study and subsequent signed report by four doctors on the staff of Central State Hospital, the case was again called for trial by the court, without a jury. The trial court, *sua sponte*, raised the question whether a jury trial had been properly waived. Petitioner, his two lawyers and the state's attorney were all present in court. The court insisted that a proper record be made and our examination of the record satisfies us that it was. There can be no question but that petitioner was present in court, knew what was going on and joined in the oral waiver.

On the instant appeal petitioner cites Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) as authority that trial by jury in state criminal trials is guaranteed by the Fourteenth Amendment. This is

criminal cases in courts of record shall be tried by a jury of 12 jurors, drawn in the manner prescribed in ch. 270, unless the defendant waives a jury trial in

writing or by statement in open court, entered in the minutes, with the approval of the court and the consent of the state."

now the law, but petitioner's aim is wide of the mark. Wisconsin, in Chapter 957 of its code, makes explicit provision for the trial by Jury of criminal cases in courts of record unless the defendant waives a jury trial in writing or by statement in open court, entered in the *minutes*, with the approval of the court and the consent of the state, as provided in § 957.01(1), supra.

■ Since neither the Wisconsin Supreme Court nor the federal district court allude to this question, we pass on it here for the first time. Our independent examination of the record leaves us with the definite conclusion that petitioner was not denied his right to trial by jury; that he expressly and intelligently waived his right to trial by jury; and that the district court did not err in denying an evidentiary hearing on this issue.

Finally, petitioner charges error in the denial of an evidentiary hearing on his claim of ineffective representation by counsel because of an alleged conflict of interest.

As previously pointed out, on April 13, 1964, after petitioner was apprehended as a fugitive from justice and returned to Wisconsin, attorney George A. Hagerty was appointed by the trial court to represent petitioner, who had already privately retained S. P. Rigler as his personal attorney. This dual representation continued throughout the subsequent proceedings, trial and conviction. Mr. Hagerty acted as chief counsel and took the lead. Mr. Rigler requested and was granted leave to continue the cross-examination of the prosecuting witness.

Although the question of ineffective representation by counsel was raised and passed upon by the Wisconsin Supreme Court in the state habeas proceeding, the "conflict of interest" claim now is considered for the first time. For that reason we read the entire record to determine whether petitioner was effectively represented.

In his federal habeas petition it is alleged: "Further, Court appointed counsel was acquainted with and co-operated with relatives of the State's witness and was wholly ineffective as counsel in the trial of this case in the representation of this petitioner." In petitioner's "traverse to response" to his habeas petition it is alleged: " * * * that the defense counsel was also attorney for the family of the prosecutrix creating a conflict of interest."

■ We fail to find in these scanty and unsupported statements any reasonable basis for holding an evidentiary hearing. For whatever such statements are worth, there is no claim of disloyalty, fraud, surprise or professional misconduct.

Wholly aside from the fact that petitioner employed and was represented by Mr. Rigler, his private attorney, in addition to Mr. Hagerty, the record conclusively shows and establishes, as both the Wisconsin Supreme Court and the federal district court found, that Mr. Hagerty did an outstanding job in representing petitioner's interests. We agree. No charge is made against Mr. Rigler. If it can be said there is any ground for asserting a technical conflict of interest claim, the charge is not supported by the record of the professional conduct of Mr. Hagerty here. Such a claim smacks of the final effort by a convicted felon to blame his lawyer for his incarceration.

Other questions raised by petitioner relate primarily to the admissibility of evidence or trial tactics and do not sufficiently present substantial federal constitutional questions.

In sum, we conclude and hold that the district court did not err in denying petitioner's petition for a writ of habeas corpus and in failing to hold an evidentiary hearing thereon.

Pursuant to the Criminal Justice Act of 1964 we appointed Leah S. Hamilton, a reputable member of the Chicago Bar, to represent petitioner on this appeal.

We commend counsel for effective and scholarly briefing and advocacy and extend our appreciation for this service.

The judgment order denying a writ of habeas corpus is affirmed.

Order affirmed.