**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose W. ECHEVARRIA,
Defendant-Appellant.**

No. 75–1987.

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1976.

Decided April 19, 1976.*

---

Allan A. Ackerman, Russell J. Hirsch, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty. Vincent J. Connelly, Asst. U. S. Atty., for plaintiff-appellee.

Before PELL and SPRECHER, Circuit Judges, and JAMESON, Senior District Judge.**

PER CURIAM.

The defendant-appellant Jose W. Echevarria was charged in a two count indictment with conspiracy to distribute marihuana in violation of 21 U.S.C. § 846 and the possession of marihuana, in violation of 21 U.S.C. § 841(a)(1). Three co-defendants charged in the conspiracy count ultimately entered guilty pleas and one of the three was a witness in Echevarria's bench trial at which Echevarria was found guilty on the conspiracy count only.

---

* This case was originally decided by an unpublished order. The Court has decided to publish, in the form of this per curiam opinion, certain portions of that order. The rest of the order remains subject to Circuit Rule 35.

** Senior District Judge William J. Jameson, United States District Court for the District of Montana, is sitting by designation.

Echevarria contends that reversible error occurred during the acceptance by the court of his waiver of jury trial. Echevarria accompanied by his retained counsel appeared before the judge, and in response to questions from the court indicated that he freely and voluntarily had signed a jury waiver form and was now ready to stand trial in front of the judge. The waiver form was in fact, executed by Echevarria, his attorney, and the assistant United States attorney and was approved by the judge. Thus we have both a written waiver and a personal appearance before the judge. In his brief to this court, the defendant admits that he is not claiming that he did not know what comprised a jury trial, or that he did not understand what he was doing. The gist of the present claim is that in the personal appearance the differences between a jury and a bench trial were not explicitly outlined to Echevarria. We are not clear how far the defendant thinks a court need go in this outline. Certainly it cannot be asserted that the colloquy between the judge and the defendant amounted to a learned dissertation on this aspect of the Magna Charta and its progeny, nor even that it was model colloquy on the subject. Nevertheless, under the circumstances of this case we find no reason for saying that further pursuit of the subject was required either legally or pragmatically.

Echevarria concedes in his brief that the bulk of the law is opposed to his position. *United States v. Radford,* 452 F.2d 332 (7th Cir. 1971); *Estrada v. United States,* 457 F.2d 255 (7th Cir. 1972), *cert. denied,* 409 U.S. 858, 93 S.Ct. 143, 34 L.Ed.2d 104. We agree, and find the present case an unsuitable vehicle for any change in the bulk.

Accordingly, the judgment of conviction is

Affirmed.