Harold D. **WHITEFOOT,** Administrator of the Estate of Lyle E. Salisbury, Deceased, Appellant (Plaintiff below),

v.

**HANOVER INSURANCE COMPANY,** Appellee (Defendant below).

No. 4579.

Supreme Court of Wyoming.

March 23, 1977.

Rehearing Denied May 3, 1977.

Walter C. Urbigkit, Jr., Urbigkit, Halle, Mackey & Whitehead, Cheyenne, for appellant.

James O. Wilson and John B. Rogers, Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellee.

Before GUTHRIE, C. J., THOMAS and ROSE, JJ., BENTLEY, D. J., and ARMSTRONG, D. J., retired.

ROSE, Justice.

By opinion dated July 9, 1968 [1], this court remanded the original decision in this case back to the trial court for reconsideration

---

1. *Salisbury v. Hanover Insurance Company,* Wyo., 443 P.2d 135.

and promulgation of more definite and specific findings of fact. The supplemental findings of fact were made by the district court and a full consideration of the case by this court can now be had. A summary of the factual background will prove helpful.

In 1958, Lyle E. Salisbury was adjudged incompetent and committed to the Wyoming State Hospital. His wife, Olive Salisbury, was appointed guardian of his estate. The surety on the guardian's bond was Hanover Insurance Company. Following Salisbury's release in 1961, he brought suit against the bonding company for funds alleged to have been appropriated from his estate by his guardian. Olive Salisbury was not a party to that suit.

After suit was brought against the bonding company, an inventory and appraisement was filed by Olive Salisbury. She also filed a first and final report of guardian. Salisbury filed objections to the guardian's report. The hearing on Salisbury's objections in the estate proceedings was consolidated for trial with his suit against Hanover Insurance Company. Trial of both matters was had to the District Court of Laramie County without a jury. The court gave judgment for defendant, the bonding company, in the suit against it. A judgment was also entered in the estate proceedings with findings against Salisbury's objections. In this judgment, the final report of the guardian was approved and the guardian and her bondsman were discharged. Salisbury appealed both judgments.

On appeal, this court ruled that more definite and specific findings of fact were needed before proper review of the trial court's decision could be made. *Salisbury*, supra, at 443 P.2d, page 138. The case was remanded to the district court where it ebbed and flowed in the backwaters of judicial administration until June of 1975, at which time the district court issued an order and judgment reaffirming its prior judgment and providing supplemental findings of fact as requested by this court. During this period, Lyle Salisbury had died, and Harold D. Whitefoot, administrator of his estate, was substituted as plaintiff.

Appellant Whitefoot's appeal of the district court's reaffirming order and supplemental findings of fact involved three issues: (1) responsiveness of the supplemental findings of fact to this court's previous opinion; (2) legal sufficiency of the supplemental findings of fact to support the trial court's judgment; and (3) duty of spouse of ward (incompetent) to contribute to the support of children (family).

## ISSUE NUMBER 1

In our prior opinion remanding this case to the district court for improved findings of fact, five specific areas of clarification were set out: (1) identification of the items of receipts in the findings of fact; (2) allocation of the respective shares of assets between the guardian and the ward; (3) development of specific findings of fact relative to the estate's obligations and payments, with particular reference to the auto expenses and notes to the Stockgrowers Bank and Cheyenne Federal Savings and Loan; (4) presentation of findings of fact relating to the support and maintenance of the family and restaurant business; and (5) reconcile the findings of fact with the evidence.

A thorough review of the supplemental findings of fact indicates the needed specificity and detail have been provided. The initial asset items and receipts of the guardianship have been specifically identified and allocation made between the estate of the guardian and that of the ward. Payments to the Stockgrowers Bank (now First National Bank and Trust Company) and Cheyenne Federal Savings and Loan on their respective notes, as obligations of the restaurant business, were divided equally between the guardian and ward as suggested in our prior opinion. The automobile expenses have been discarded by the district court and not charged to the ward because of the difficulty in reconciling the expenditures with the evidence available. And finally, the specific details concerning the income of the restaurant as a partnership and the support and maintenance of the ward's children have been fully set forth.

A reconciliation of the findings of fact with the evidence presented is more closely tied to the second issue presented here and is covered by the discussion which follows.

## ISSUE NUMBER 2

The findings of fact as originally submitted by the trial court resulted from a written request of counsel made prior to trial pursuant to Rule 52(a), W.R.C.P., and it is within the confines of this rule that the legal sufficiency of the revised findings must be tested. As there is no Wyoming case law specifically discussing this point, we will turn to federal case law construing the similar federal rule, Rule 52(a), F.R.C.P. Under Rule 52(a), F.R.C.P., and thus Rule 52(a), W.R.C.P., as well, the requested findings need not be set forth in elaborate detail but need only be clear, specific and complete in concise language informing the appellate court of the underlying bases for the trial court's decision. *Penn v. San Juan Hospital, Inc.,* 10 Cir. (1975), 528 F.2d 1181; *Featherstone v. Barash,* 10 Cir. (1965), 345 F.2d 246; and 9 Wright and Miller, Federal Practice and Procedure § 2579 (1971). They are to be an aid to the appellate court on appeal affording it a clearer understanding of the trial court's decision. *Woods Construction Co. v. Pool Construction Co.,* 10 Cir. (1963), 314 F.2d 405.

The revised findings here more than adequately fulfill these requirements. As now set out, the findings clearly specify on an item-by-item basis both the receipts and expenditures of the ward's estate. From this we, as an appellate court, can more accurately understand and review the underlying bases for the trial court's ultimate conclusion that the final account of the guardian should be approved and that the ward was not entitled to recovery. Whether these revised findings of fact are adequately supported by the evidence is a question we must now address.

The trial court's revised findings of fact "come here well armed with the buckler and shield" of presumed correctness. The findings and judgment of a trial court are generally affirmed if there is any evi-

dence to support them (*Bentzen v. H. N. Ranch, Inc.,* 78 Wyo. 158, 320 P.2d 440) and should be disturbed only when it appears they are clearly erroneous or contrary to the great weight of evidence. *Willis v. Asbury Transportation Co.,* Wyo., 386 P.2d 934. An appellate court should not substitute its conclusions for those made by the lower court (*Twing v. Schott,* 80 Wyo. 100, 338 P.2d 839), particularly when a case is tried to a court without a jury and different conclusions can be rationally drawn from the evidence. *Arch Sellery, Inc. v. Simpson,* Wyo., 360 P.2d 911. Although the record does not reveal an overwhelming amount of support, sufficient evidence is presented to substantiate the trial court's revised findings of fact. They are neither clearly erroneous nor contrary to the great weight of the evidence and should be affirmed.

## ISSUE NUMBER 3

The third issue raised on appeal concerns the duty of the spouse of a ward to contribute to the maintenance and support of the ward's family. Whitefoot asserts only one-half of the expenditures made by the guardian for support of herself and the children should have been charged to the ward's estate. He suggests that as the final accounting now stands, the estate of the ward was improperly charged for the family's entire support.

We cannot agree. It is provided by statute in Wyoming that the guardian may, in the management of the estate of his ward, apply the income and profits thereof as far as necessary for the comfortable and suitable maintenance and support of the ward and his family. § 3–25, W.S.1957. This duty of support and maintenance has been found even absent a statutory provision. 39 Am.Jur.2d, Guardian and Ward, § 69, pp. 60–61; 44 C.J.S. Insane Persons § 90, p. 240; *In re Bachechi's Estate,* 59 N.M. 159, 280 P.2d 1048. See also, Annotation, 24 A.L.R.3d 863, §§ 3(a), 4 and 5. The supervising district court, in its order of July 8, 1959 in the guardianship proceedings, changing Lyle Salisbury from a "pay patient" to a "state patient," found that "the estate of the said Lyle E. Salisbury is need-

ed for the support and maintenance of his legal dependants [sic]." The change was made in response to a petition filed by Mrs. Salisbury, guardian, stating that she did not have sufficient sums to pay the hospital for the care of the ward, her husband, and at the same time provide for the care and maintenance of their five children. Under these circumstances, the full use of the liquid assets of the ward's estate in conjunction with his wife's resources for the maintenance and care of his family was not error.

The judgment of the trial court is affirmed.

McCLINTOCK and RAPER, JJ., did not participate.