Harry E. ROBBINS, Appellant
(Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 5522.

Supreme Court of Wyoming.

Oct. 28, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Senior Asst. Atty. Gen., and Denise Homce, Legal Intern (argued), for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

Appellant was tried before the district court without a jury. He was found guilty of burglary of an automobile in violation of § 6–7–201(a)(iii), W.S.1977 and burglary of a building or dwelling in violation of § 6–7–201(a)(i), W.S.1977. He was sentenced to two concurrent terms of four to ten years for each count, with credit for jail time. The only issue presented by appellant on appeal is:

"Whether Appellant's waiver of trial by jury does comply with W.R.Cr.P. 24, and whether the record does reflect that the Appellant knowingly, voluntarily, and with full knowledge of the consequences waived his constitutional right to a trial by jury."

We will affirm.

The facts of the crimes are immaterial to disposition. At the commencement of the trial, the following exchange took place between the trial judge and appellant:

"THE COURT: This is the State of Wyoming versus Harry E. Robbins. Counsel indicated to the Court that after the hearing which we had on the suppression of evidence that Mr. Robbins would waive a jury trial and have the matter tried before the Court; is that correct, Mr. Robbins?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that you are entitled to a jury trial if you so desire?

"THE DEFENDANT: Yes, sir.

"THE COURT: But your lawyer has discussed with you about waiving the jury trial and trying the matter before this Court; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: That is agreeable with you?

"THE DEFENDANT: Yes, sir.

"THE COURT: That is what you want, is it?

"THE DEFENDANT: Yes, sir."

Prior to that time, at his arraignment, appellant was informed by the court of his several constitutional rights, including:

"You are entitled to a jury trial or a trial before the Court. If you want either one of those, it will be arranged within a reasonable period of time and certainly within 60 days that the matter comes of issue.

"Do you understand you have all of those rights?

"THE DEFENDANT: Yes, sir."

At the time of sentencing, defense counsel in the presence of the defendant and on his behalf stated:

"Nevertheless, your Honor, I think it is important to know that the defendant is charged here with burglary, two counts of it. It is a non-violent crime. There have been no injuries reported by any individuals involved. Mr. Robbins, on request of the police did cooperate, made a confession to the police as well as allowed them the privilege of searching his premises.

"The only issue which we brought before this Court was the legality of the search and seizure and subsequent confessions were obtained, *and that's why this matter was taken to Court and tried without a jury* so that the matter could be preserved for appeal." (Emphasis added.)

No objection was ever made to the district court that appellant was inadequately advised of his right to a trial by jury nor that he was unlawfully deprived of a jury trial.

Rule 24, W.R.Cr.P., concerns the matter of jury waiver:

"(a) *Trial by jury.*—Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state.

"(b) *Trial without a jury.*—In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient that the findings of fact appear therein."

This rule is substantially identical to Rule 23(a) and (c), F.R.Cr.P.

The appellant did not reduce his waiver of jury trial to any separate document "in writing" to which he affixed his signature. There can be no question about the approval of the court or the State; their consent can be implied from the fact that the subject was never mentioned and the trial judge and prosecutor representing the State did proceed to play their respective roles in the ensuing trial in the absence of a jury.

Article 1, Section 9, Wyoming Constitution, declares that "[t]he right of trial by jury shall remain inviolate in criminal cases. * * *" It is the "right to trial by jury" that is inviolate. The language of the constitution does not mandate trial by jury but guarantees it. In *Taylor v. State*, Wyo., 612 P.2d 851 (1980), it was confirmed that while the right of an accused to a jury trial may be waived, it must be jealously guarded and waived only with express, intelligent and voluntary consent of the defendant. So, that raises the real question in this appeal: Did the appellant expressly, intelligently and voluntarily waive his inviolate right to trial by jury?

The appellant acknowledges that there are federal cases which hold that while the federal rule, identical to our Rule 24, provides that the waiver should be in writing, a valid waiver can be made orally.

Weight in such cases must be given to federal precedent. *Hicklin v. State*, Wyo., 535 P.2d 743, 79 A.L.R.3d 1050 (1975); *Dobbins v. State*, Wyo., 483 P.2d 255 (1971). We do this particularly when there is no state precedent discussing a point covered by similar rules. *Whitefoot v. Hanover Insurance Company*, Wyo., 561 P.2d 717 (1977).

That a defendant may waive trial by jury guaranteed by Article 3, Section 2, clause 3 and the Sixth Amendment to the Constitution of the United States,[1] is settled in the landmark case of *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263 (1930), where the reasons for the privilege of waiver by the defendant are fully explored. The Patton Court concluded:

" * * * Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." [2]

In *United States v. McCurdy*, 450 F.2d 282 (9th Cir. 1971), there was no written waiver; and the advice to the defendant and his responses were remarkably like that given here. The court there noted that the purpose of a writing under Rule 23 is to provide the best record evidence of the *express* consent of the defendant. The court concluded that the express consent given by the defendant personally which appeared on the record was equally good evidence; and that this, as a minimum, must appear. The court's holding was that where the waiver is spread upon the record, there is compliance with Rule 23(a), F.R.Cr.P.

*United States v. Grasso*, 468 F.Supp. 264 (E.D.Pa., 1979), aff'd, 612 F.2d 575 (3d Cir.

---

1. Article 3, Section 2, clause 3, United States Constitution:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

Sixth Amendment, United States Constitution: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

2. See also *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), where appears a most interesting history of the development of the right to jury trial from an alternative to compurgation, ordeal or battle to its present status. The case is concerned primarily with the waiver being subject to the consent of the trial judge and the government. The Court concluded:

" * * * A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury——the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result. * * * "

1979), is an interesting case which explains with clarity the relationship which must exist between failure of formal compliance with the writing requirement, Rule 23(a), F.R.Cr.P., and substantive compliance through an express consent and a knowing and intelligent waiver of a right to a jury trial. The defendant there was tried without a jury. Before that trial, he was not voir dired by the trial judge on jury waiver but did file a written waiver. He was granted a new trial because of newly discovered evidence. Before the new trial, without a jury, he was not voir dired by the trial judge as to his right to a jury trial nor did he furnish a written waiver. His attorney had advised the trial judge by telephone that the defendant was waiving trial by jury. He was found guilty and sentenced. In a post-conviction proceeding, the court considered the question and held that at a minimum the defendant must not only allege and show failure to comply with either the written or voir dire procedure for waiving a jury trial but also allege and show that there was not a knowing and intelligent waiver. The court concluded that a waiver is not constitutionally infirm if knowingly and intelligently made, failure to memorialize it in writing or on the record notwithstanding.

It is observed in examination of the federal cases that even though there is a written waiver, a defendant often complains on appeal that it was not knowingly and intelligently made. See for example, *United States v. Echevarria*, 561 F.2d 26 (7th Cir. 1976); *United States v. Makris*, 483 F.2d 1082 (5th Cir. 1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1408, 39 L.Ed.2d 467, on remand, 398 F.Supp. 507, aff'd, 535 F.2d 899, reh. denied, 540 F.2d 1086; *United States v. Hunt*, 413 F.2d 983 (4th Cir. 1969); *Gauthier v. Burke*, 402 F.2d 459 (7th Cir. 1968).

■ When confronted with an appeal claiming no adequate waiver, our point of concentration should be on substance not form. The requisite inquiry on the adequacy of jury waiver is of a dual nature: (1) was the waiver express and (2) was it knowing, intelligent and voluntary.

The second question is given short shrift in *United States v. Hubbard*, 603 F.2d 137 (10th Cir. 1979) where it was declared that a defendant who specifically moves for trial to the court knowingly and intelligently waives his right to trial by jury. If a defendant is competent to stand trial, he is bound by his express waiver. *United States v. Makris*, supra. Representation by counsel at the time of waiver is evidence of an intelligent and knowing waiver of trial, *Gauthier v. Burke*, supra.

A more detailed and searching inquiry should be made if there is a question of competency. *United States v. David*, 511 F.2d 355 (D.C.Cir.1975), 167 U.S.App.D.C. 117. The record must show coercion before a waiver becomes involuntary. *Dranow v. United States*, 325 F.2d 481 (8th Cir. 1963), cert. denied, 376 U.S. 912, 84 S.Ct. 669, 11 L.Ed.2d 610. Finally, the determination as to whether a jury waiver to be effective is expressly, intelligently, competently, and voluntarily made must be made in the light of the unique circumstances of each case. *Adams v. United States, ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435 (1942).

■ Looking then at the unique circumstances of the case before us, it is readily apparent that the trial judge on two occasions on the record personally addressed and advised the appellant of his right to be tried by jury and the defendant personally expressed his understanding of that right. There was an express waiver of trial by jury even though not in writing. The only purpose of a written waiver is to insure greater probability of a defendant's understanding of what he is doing if and when he waives a right to trial by jury. *Pool v. United States*, 344 F.2d 943 (9th Cir. 1965), cert. denied, 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76. The defendant's attorney was present in court when the jury was waived, and it is evident that the jury was waived at the instance of the appellant because he only wanted to preserve a right of appeal on questions of a confession and search which he does not bring to us. He apparently does not question his guilt. There is

no evidence of coercion nor incompetency. The trial judge was in a position to appraise the appellant's intelligence and knowledge-ability. Simply because a result reached by a court without a jury disappointed any hopes the accused may have entertained, ought not to be grounds for rejection when it was at his insistence in the first place. *Adams v. United States, ex rel. McCann,* supra, 317 U.S. at 281, 63 S.Ct. at 242, 87 L.Ed. at 276. The appellant fails to show wherein he did not expressly waive trial by jury or that he did not knowingly, intelligently and voluntarily do so.

Standard 15–1.2, III ABA Standards for Criminal Justice (2nd Ed. 1980), p. 15.15, covers waiver of trial by jury:

> "(a) Cases required to be tried by jury should be so tried unless jury trial is waived, with the consent of the prosecutor.
>
> "(b) The court should not accept a waiver unless the defendant, after being advised by the court of his or her right to trial by jury, personally waives the right to trial by jury, either in writing or in open court for the record.
>
> "(c) A defendant may not withdraw a voluntary and knowing waiver as a matter of right, but the court, in its discretion, may permit withdrawal prior to the commencement of the trial."

It appears that the decision of this court is consistent with that standard.

We do, however, state that trial judges would be well advised to carefully inquire upon the record of a defendant his understanding of the right to trial by jury and elicit an intelligent, knowing and voluntary waiver. We cannot fault the trial judge on that count in this appeal. We further urge upon trial judges the practice of requiring the waiver in writing, signed by not only the defendant but his counsel as well, even though a showing on the record may be marginally adequate.

Affirmed.

ROONEY, Justice, concurring.

In concurring with the opinion of Justice Raper, I confirm that which I said in my specially concurring opinion in *Taylor v. State,* Wyo., 612 P.2d 851 (1980). I concur herein only because Rule 24(a), W.R.Cr.P. does not require the writing by which a jury trial is waived to be by the defendant or subscribed to by him. A written record was made of the waiver by defendant in this case, and it can be argued that such was sufficient under the rule. Although I am reluctant to accept such argument, I must acknowledge that it can be made. The rule should be explicit in this respect, and I anticipate that it will be changed to be so.

ROSE, Chief Justice, specially concurring.

I concur in that I accept the transcribed waiver as the required writing under the rule, and for the further reason that any possible error would appear to be harmless under the facts of this case.

I, therefore, concur, but with the attendant admonition that trial-court judges should in no circumstances again accept a proffered jury waiver that is not in a writing which is in *addition to* the transcribed oral waiver. I concur with the further charge that trial judges should, in addition to the written waiver, explain in detail the nature of the jury versus the nonjury trial process so that, in waiving the jury trial, the record will reflect that the defendant has understood the consequences of his or her act.

THOMAS, Justice, specially concurring.

I agree completely with the disposition made of this case according to the majority opinion. Neither is it possible to find any fault with the analysis there made of the federal authorities that pertain to this problem. The distinction I would draw is that this court has no responsibility for enforcement of the Federal Rules of Criminal Procedure. We are responsible for our Wyoming Rules of Criminal Procedure.

A failure of the trial court to require the waiver of a jury trial to be in writing when Rule 24(a) of the Wyoming Rules of Criminal Procedure specifically requires that the

waiver be in writing can only be described as error. Rule 49(a), W.R.Cr.P., however, provides:

"(a) *Harmless error.*—Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

The failure to require the waiver to be in writing did not affect any substantial rights of this defendant, and the error is, therefore, susceptible to being disregarded. I would add a caveat to the trial bench that the requirement that such a waiver be in writing was incorporated advisedly in both the federal rule and our rule because it provides the best evidence possible that a defendant has given the matter appropriate deliberation and then has concluded that his interests are best served by waiving a jury trial.