# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 7

**OCTOBER TERM, A.D. 2021**

**January 13, 2022**

HARRY LEE BALLARD,

Appellant
(Defendant),

v.

S-21-0012

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Crook County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, Wyoming State Public Defender, Kirk A. Morgan, Chief Appellate Counsel, H. Michael Bennett, Senior Assistant Public Defender.

*Representing Appellee:*

Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*
**BOOMGAARDEN, J., delivers the opinion of the Court; DAVIS, J., files a specially concurring opinion.**

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]   After a bench trial, the district court found Harry Ballard guilty of four felonies.  On appeal Mr. Ballard contends the court denied him his fundamental right to a jury trial by failing to ensure his waiver complied with W.R.Cr.P. 23(a) and was knowing, intelligent, and voluntary.  We affirm.

## *ISSUE*

[¶2]   Did Mr. Ballard validly waive his right to a jury trial?

## *FACTS*

[¶3]   The State charged Mr. Ballard with one count of attempted second degree sexual abuse of a minor (Count I) and three counts of third degree sexual abuse of a minor (Counts II–IV) in August 2019.  The facts underlying those charges are not relevant to this appeal.

[¶4]   Mr. Ballard was twice advised of his constitutional right to a jury trial before he pleaded not guilty to the charges.  In circuit court, he received a document entitled "Statement of Your Constitutional Rights," which explained, in relevant part, that he had the right to have his case tried by a jury.  It further explained that he could waive his right to a jury trial and instead have the court decide his case if he did so in writing, with the court's approval and the State's consent.  Mr. Ballard signed the document, acknowledging that he read and understood his right to a jury trial.  Then, at arraignment, the district court similarly advised him: "You're entitled to have a speedy and public jury trial.  With consent of the State, you may waive your right to a jury and be tried by a judge alone."

[¶5]   Mr. Ballard's case was initially scheduled for jury trial in February 2020, but had to be rescheduled several times for reasons including the COVID-19 pandemic.[1]  In June 2020, the court issued a notice setting the case for jury trial in August, followed by an amended notice setting the case for bench trial on July 8.

[¶6]   The case proceeded to bench trial as scheduled without any mention in the record that Mr. Ballard had waived his right to a jury trial.  After finding Mr. Ballard guilty of the charged crimes, the court merged Counts I and II for sentencing purposes and imposed three consecutive eight to fifteen-year sentences.

[¶7]   Mr. Ballard appealed and then filed a W.R.A.P. 21 motion for a new trial based on ineffective assistance of trial counsel.[2]  Pertinent to this appeal, he argued trial counsel

---

[1] Mr. Ballard waived his right to a speedy trial.
[2] W.R.A.P. 21 permits an appellant to file a motion, in the district court, for a new trial based on ineffective assistance of counsel, after his direct criminal appeal is docketed in this Court.  W.R.A.P. 21(a) (LexisNexis

failed to protect his right to a jury trial. He asserted the record nowhere reflected that he waived his right to a jury trial in writing; nor did it reflect that the court approved or the State consented to any waiver. We stayed appellate briefing pending resolution of the motion.

[¶8]    During a scheduling conference on the W.R.A.P. 21 motion, the district court noted there might be emails about Mr. Ballard's jury trial waiver that simply did not make it into the record. The court thus asked the prosecutor to search her records.

[¶9]    The prosecutor then supplemented the record with emails between trial counsel, the court's judicial assistant, and the prosecutor in June 2020, around the same time the court issued notices setting the case for jury trial in August and then bench trial in July. The emails reflected that, on June 3, trial counsel sent the court's judicial assistant and the prosecutor an email stating: "I have broached the possibility of doing a bench trial in the above referenced matter both with [Mr. Ballard] and [the prosecutor]. I think this is a real possibility. Hypothetically speaking, if that is the case, how much earlier could we get a trial date?" The court's judicial assistant informed the parties that July 8 was available.

[¶10]  On June 4, trial counsel sent the court's judicial assistant and the prosecutor an email stating: "All – Harry [Ballard] has agreed to waive a jury trial and be tried before [the court]." The prosecutor responded: "July 8 works for the State and the State consents to a bench trial as well." The court's judicial assistant informed the parties that she would issue an amended trial notice.

[¶11]  After the State supplemented the record with the emails, Mr. Ballard moved to withdraw his W.R.A.P. 21 motion, explaining that appellate counsel had reviewed information previously unavailable to him and no longer believed he had a good faith basis for the motion. The district court granted Mr. Ballard's request and returned the matter to this Court for further proceedings.

## *DISCUSSION*

[¶12]  On appeal Mr. Ballard shifts his focus from trial counsel to the district court, arguing the court failed to ensure his jury trial waiver complied with W.R.Cr.P. 23(a) and was knowing, intelligent, and voluntary. Inexplicably, he does not mention the June 2020 emails. His argument is based on the record as it existed before the emails were added. The State requests that we summarily affirm on that basis. In the alternative, it maintains that Mr. Ballard validly waived his right to a jury trial. We address the issue on its merits given its constitutional implications.

---

2021). We then stay briefing in the appeal until the district court resolves the motion. *See* W.R.A.P. 21(b)–(e).

[¶13]   We review Mr. Ballard's jury trial waiver challenge de novo.  *See Robbins v. State*, 635 P.2d 781 (Wyo. 1981); *Van Riper v. State*, 882 P.2d 230, 236 (Wyo. 1994); *see also United States v. Robertson*, 45 F.3d 1423, 1430 (10th Cir. 1995).   Mr. Ballard has the burden to show his waiver was inadequate.  *See Robbins*, 635 P.2d at 785.

[¶14]   A criminal defendant may waive his constitutional right to a jury trial.  *Id.* at 783 (discussing *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970)).   The precise circumstances in which a defendant may do so vary somewhat from jurisdiction to jurisdiction.  *See* 6 Wayne R. LaFave, *Criminal Procedure* § 22.1(h) (4th ed.), Westlaw (database updated Nov. 2021) ("Only a minority of states give the defendant an unconditional right to trial without a jury; elsewhere the defendant must also obtain the consent of the court, the consent of the prosecution, or both.  In the federal system the defendant may waive jury trial only if 'the government consents' and 'the court approves.'" (footnotes omitted)).

[¶15]   In Wyoming, there are four requirements for a valid jury trial waiver.  The first three stem from W.R.Cr.P. 23(a), which states:

> Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court and the consent of the state.  A waiver of jury shall be made in writing or on the record.  There shall be no right to a jury trial, except: (1) when a statute or ordinance so provides, or (2) when the offense charged is driving under the influence of alcoholic beverages or controlled substances, or (3) when the offense charged is one for which the statute or ordinance alleged to have been violated provides for incarceration as a possible punishment.

[¶16] First, the waiver must be "in writing or on the record."[3]   W.R.Cr.P. 23(a) (LexisNexis 2021); *see also* 2 Charles Alan Wright & Arthur R. Miller, *Federal Practice*

---

[3] Our jury trial waiver rule was previously found in W.R.Cr.P. 24(a) and, like the federal rule, required a waiver to be "in writing[.]"  *Robbins*, 635 P.2d at 782 ("Rule 24, W.R.Cr.P., concerns the matter of jury waiver: '(a) Trial by jury.-Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state.'").  In 1991, the Wyoming Rules of Criminal Procedure were revised and re-adopted.  *Ingalls v. State*, 2002 WY 75, ¶ 8, 46 P.3d 856, 859 (Wyo. 2002).  The jury trial waiver rule was moved to Rule 23(a) and revised to allow the waiver to be either "in writing or on the record."  Order Adopting the Revised Wyoming Rules of Criminal Procedure at 71–72, Oct. Term A.D. 1991, available at https://www.courts.state.wy.us/wp-content/uploads/2017/05/crimpro_1991122300.pdf (last visited Jan. 4, 2022).  Though the Wyoming rule now differs from the federal rule in that respect, the difference is not meaningful because federal courts recognize that "a valid waiver can be made orally."  *See, e.g.*, *Robbins*, 635 P.2d at 782; *see also State v. Gore*, 288 Conn. 770, 788 n.17, 955 A.2d 1, 13 n.17 (2008) ("Several of the federal circuit courts have not

*& Procedure: Federal Rules of Criminal Procedure* § 372 (4th ed.), Westlaw (database updated Apr. 2021) ("There must be an express and positive waiver of the jury trial right by the defendant. Mere failure to request a jury or acquiescence in proceeding without a jury is not enough." (footnotes omitted)); 6 LaFave, *supra*, § 22.1(h) ("Waiver of jury trial cannot be presumed from a silent record." (footnote omitted)). Second, the trial court must approve the waiver. W.R.Cr.P. 23(a). Third, the State must consent to a bench trial. *Id.*

[¶17] The fourth requirement stems from the United States Constitution: the waiver must be knowing, intelligent, and voluntary.[4] *See Robbins*, 635 P.2d at 784–85; *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 277–78, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942) (citing *Patton*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854); *United States v. Williams*, 559 F.3d 607, 610 (7th Cir. 2009); 50A C.J.S. *Juries* § 195, Westlaw (database updated Nov. 2021). In determining whether a waiver was knowing, intelligent, and voluntary, we focus on substance rather than form, considering the unique circumstances of each case. *Robbins*, 635 P.2d at 784 (citing *Adams*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268). The following principles guide our determination: a defendant who moves for a bench trial knowingly and intelligently waives his right to a jury trial; a defendant who is competent to stand trial is bound by his express waiver; and representation by counsel at the time of waiver is evidence of an intelligent and knowing waiver. *Id.* (citations omitted). We should, however, more closely scrutinize a waiver if there is a question about the defendant's competency. *Id.* (citation omitted). And the record must show coercion before we will find a waiver involuntary. *Id.* (citation omitted).

[¶18] On our de novo review, we conclude from the emails and surrounding circumstances that Mr. Ballard's jury trial waiver was valid.

[¶19] First, Mr. Ballard waived his right to a jury trial "in writing," through trial counsel, in the June 4 email to the court's judicial assistant and the prosecutor. Trial counsel represented that Mr. Ballard had agreed to waive his right to a jury trial and instead be tried by the court. Mr. Ballard makes no argument why this email was insufficient to satisfy W.R.Cr.P. 23(a).

[¶20] Second, the court's approval can be implied from the fact that, on Mr. Ballard's request, the court scheduled and then held a bench trial. *See id.* at 782 (noting there could be no question about the court's approval; its consent could be implied from the fact that the trial judge played its respective role in the bench trial).

---

held the writing requirement to be mandatory if the record otherwise evidences that the defendant personally and expressly consented to the waiver." (collecting cases)). Federal precedent on the federal jury trial waiver rule, Fed. R. Crim. P. 23(a), and constitutional requirements for a valid jury trial waiver thus remain instructive.

[4] These four requirements are consistent with federal precedent. *See, e.g.*, *Robertson*, 45 F.3d at 1431; *United States v. Shorty*, 741 F.3d 961, 965–66 (9th Cir. 2013); *Spytma v. Howes*, 313 F.3d 363, 370 (6th Cir. 2002); *United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008).

[¶21]   Third, the State expressly consented to a bench trial through the prosecutor's June 4 email to the court's judicial assistant and trial counsel.  The State's consent can also be implied from the prosecutor's participation in the bench trial.  *See id.* (noting there could be no question about the State's consent; its consent could be implied from the fact that the prosecutor played his respective role in the bench trial).

[¶22]   Fourth, the circumstances in this case demonstrate that Mr. Ballard's waiver was knowing, intelligent, and voluntary.  Mr. Ballard was twice advised of his right to a jury trial before waiving that right.  He acknowledged that he understood his right to a jury trial when he signed the "Statement of Your Constitutional Rights."  In addition, he was represented by counsel throughout the proceedings; he waived his right in writing, through trial counsel; the record reflects that he did so to obtain an earlier trial; and he had prior experience with the criminal justice system.  Moreover, he makes no argument, nor is there any evidence in the record to suggest, that he was incompetent or coerced into waiving his right to a jury trial.  Finally, he has abandoned any argument that trial counsel failed to protect his right to a jury trial.

[¶23]   Affirmed.

**DAVIS, Justice, specially concurring.**

[¶24]   I concur in the majority's conclusion that Mr. Ballard validly waived his right to a jury trial.  I write separately only to encourage that such waivers be handled with greater attention to ensuring a clear record.  If the record is clear, we can be better assured that a defendant's waiver of this important right was knowing, intelligent and voluntary.

[¶25]   "The sanctity of the jury's role as fact-finder has always been honored in this State." *Widdison v. State*, 2018 WY 18, ¶ 21, 410 P.3d 1205, 1213 (Wyo. 2018) (quoting *Snow v. State*, 2009 WY 117, ¶ 29, 216 P.3d 505, 514 (Wyo. 2009)).

> In *Taylor v. State*, 612 P.2d 851, 854-55 (Wyo. 1980), we recognized the significance of the right by quoting 3 W. Blackstone, Commentaries, 379 as follows:
>
>> "Upon these accounts the trial by jury ever has been, and I trust ever will be, looked upon as the glory of the English law . . . . [I]t is the most transcendent privilege which any subject can enjoy, or wish for, that he cannot be affected either in his property, his liberty, or his person, but by the unanimous consent of twelve of his neighbours and equals. . . ."

*Id*.

[¶26] Owing to the importance and sanctity of the right to a jury trial, we have admonished:

> Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial

6

or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Robbins v. State*, 635 P.2d 781, 783 (Wyo. 1981) (quoting *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930)).

[¶27]   A record of a valid waiver created only through an email chain invites questions as to whether the waiver was truly knowing, intelligent, and voluntary. Moreover, it is not much of a record. After all, emails may be deleted, misfiled, or lost. As a better practice, I remind all involved in a defendant's waiver of the right to a jury trial of what this Court said over thirty years ago:

> We do, however, state that trial judges would be well advised to carefully inquire upon the record of a defendant his understanding of the right to trial by jury and elicit an intelligent, knowing and voluntary waiver. . . . We further urge upon trial judges the practice of requiring the waiver in writing, signed by not only the defendant but his counsel as well, even though a showing on the record may be marginally adequate.

*Robbins*, 635 P.2d at 785.