## COOK v. ELMORE
(No. 982; Decided October 18, 1920; 192 Pac. 824)

Limitation of Actions—"Resulting Trust"—"Constructive
Trust"—Judgment—Res Judicata—Suit by Administratrix to
Recover Land a Different Cause From Suit by Heir to Recover
Same Land—Estoppel.

1.  An action to recover land wherein the petition alleges
    that the deed to the land was erroneously taken in de-
    fendant's name instead of in the name of plaintiff's an-
    cestors, and that defendant did not disclose that fact nor
    convey the lands to plaintiff's ancestor in good faith

as he should have done without alleging other facts amounting to an allegation of fraud, is not an action for relief on the ground of fraud which must be commenced within four years, under the provisions of Comp. Stats. 1910, Section 4300, but is an action for the recovery of possession of lands held under a resulting trust, which may, under Sections 4295 or 4303 C. S. 1910, be commenced within ten years after the cause of action accrues.

2. A resulting trust is a trust arising by implication or construction of law presumed to exist from the supposed intention of the parties and the nature of the transaction. Such trusts are also called 'presumptive trusts' and are frequently defined in terms of or in connection with the character of the transaction out of which they most frequently arise, viz: the payment of a purchase price by one person for a title taken in the name of another.

3. Constructive trusts do not arise by argument or from intention, but by operation of law; and fraud, active or constructive is their essential element.

4. A judgment in one case is *res judicata* in a subsequent case where the parties to both actions are the same and for the same cause of action. In such case when the matters in issue in the former case have been decided upon the merits, the judgment is a bar to a second suit on the same cause of action and concludes parties and those in privity with them, and also all other matters which the parties might have litigated within the issues as made by the pleadings.

5. A suit brought by an administratrix to enforce her right to possession of land, held by defendant under a resulting trust for the benefit of decedent is a different cause of action from a subsequent suit brought by the same person as heir to recover title to the same land, so that the judgment in the former suit is not conclusive in the latter.

6. When the second action between the same parties is upon a different claim or demand or cause of action, it is well settled that the judgment in the first suit operates as an estoppel only as to the point in question as to matters litigated and determined, and not as to other matters which might have been litigated and deterimned.

7. A former judgment does not have the effect of *res judicata* unless the second suit is not only between the same parties, but between them in the same right or capacity.

Error to the District Court, Campbell County; Hon. James H. Burgess, Judge.

Action by Lydia H. Elmore against Claude K. Cook for the recovery of possession to land. There was a decree for plaintiff and defendant brings error. The facts are stated in the opinion.

*Wakeman and Wakeman, and E. E. Enterline,* for Plaintiff in Error.

Plaintiff's cause of action is barred by Section 4300 C. S. 1910 and defendant's demurrer should have been sustained; the allegations of the petition indicate that the recovery is sought upon the ground of fraud, hence the applicability of the statute; a liberal interpretation of the petition shows that a constructive trust is pleaded; such trusts do not arise except by operation of law and fraud is their essential element. (39 Cyc. 169) ; the statute runs from the discovery of the fraud. It is alleged in the petition that plaintiff learned in September 1911 that defendant claimed the land; she did not commence her action until August, 1918, seven years thereafter; the action is barred; (Carlisle v. Foster, 10 O. S. 204; Kohns v. Watson, 32 O. S. 228; Burling v. Newlands, 112 Cal. 476; 44 Pac. 810; Black v. Black, 68 Pac. 662; Hinze v. Hinze, (Kans.) 90 Pac. 762) ; parties seeking to avoid the bar of the statute in such cases are required to plead the necessary facts showing when the fraud was first discovered and unless that is done the petition does not state facts sufficient to constitute a cause of action. (Clark v. Van Loon, 79 N. W. 88; Teall v. Schroeder, 158 U. S. 172; Hecht v. Slaney, 72 Cal. 363, 14 Pac. 88; Burling v. Newlands, 112 Cal. 476, 44 Pac. 810; Nichols v. Moore et al, 183 Pac. 531; 17 R. C. L. 858-859). However plaintiff pleads that she discovered the fraud perpetrated by defendant in September 1911; the four year statute was not available as a defense in the case of Elmore, Extrx. v. Cook, 25 Wyo. 593, as the four years had not ran; the allegations of the petition are insufficient to maintain an action of eject-

ment, 4966 C. S. 1910; it is also contended that even if Section 4300 C. S. 1910 should apply, that this action can be maintained under Section 4309 C. S. 1910, but the reading of that statute will disclose that it has no application to the case at bar; (Doyle v. Wade, 23 Fla. 90; 11 A. S. R. 334); the questions were adjudicated in the former action. (Cook v. Elmore, 25 Wyo. 393); the plea of *res judicata* is sustained under the pleadings and evidence produced. (Puterbaugh v. Puterbaugh, 33 N. E. 808; Burns v. Gavin, 20 N. E. 799; Palmer v. Hayes, 13 N. E. 882; Montgomery v. Vicary, 11 N. E. 38; Hennesy v. C. B. & Q. R. R. Co., 24 Wyo. 305; 157 Pac. 698); if the heir is also executor or administrator he represents the interests of one and the same person, Puterbaugh v. Puterbaugh, supra. The conclusions of fact and law as found by the court below are erroneous; the action is not one for recovery of real property; the action was one to declare a trust upon the ground of fraud and for that reason was barred; plaintiff is estopped from prosecuting this action by reason of the conditions existing at the time she instituted the first action; ·it was insufficient to support the findings and judgment.

. *Metz and Sackett*, for Defendant in Error.

The statute of limitations does not run in favor of a trus-·tee of an express trust until he has taken some action which amounts to a repudiation of the trust, (Cook v. Elmore, 25 Wyo. 402); the four year limitation defense is without merit; the petition does not allege fraud, but clearly states 'a case for recovery under a resulting trust; the petition does not allege the elements of a constructive trust; the ten year limitation applies; (Lakin v. Sierra Co. 25 Fed. 337); an action to declare a trust and recover possession of land is an action to recover real estate; (Bradley Bros., Inc., v. Bradley, 127 Pac. 1044; Union Ice Co. v. Doyle et al, 92 Pac. 112; Murphy v. Crowley et al, 73 Pac. 820). An action to declare a trust falls to Section 4303 C. S. and an action for the recovery of title under Section 4295; the main re-

lief we think, is for the possession; it is incorrect to say that an action of ejectment is the only action that can be brought under Section 4295 C. S. 1910. The scope of the section is not limited to an action for possession, but includes a recovery of title; whether her rights are legal or equitable or both seems immaterial. (Pomeroy Sec. 98 101; 4th Ed.) If any cause of action is stated in the petition it was, of course, good as against a general demurrer; if the finding in the former case of Elmore v. Cook is *res judicata* and final as against Cook, then the decree of distribution makes the title of Mrs. Elmore a full legal title and the petition fulfills all of the claims of counsel as an action in ejectment; even if founded on a fraud, the action is not barred, since the statute would not commence until September 5th, 1911. (Exr. v R. R. Co., 12 O. S. 620; Greenfield v. Heating Co., 87 S. E. 12); the ten year limitation statute apply and have not run. (Smith v. Smith, 109 N. W. 194; Zunkel v. Colson, (Iowa), 81 N. W. 175; Lufkin v. Jakeman, 188 Mass. 528; Love v. Watkins, 40 Calif. 547; Reynolds v. Sumner, 126 Ills. 58; Fawcett v. Fawcett, 85 Wis. 844; Bartlett v. Judd, 21 N. Y. 200; Williams v. Emberson, 55 S. W. 595; Miller v. Saxton, S. C. 55 S. E. 310). Cases cited by counsel for plaintiff in error are either in favor of defendant in error or not in point; the principles of *res judicata* does not apply; Mrs. Elmore stood in a representative capacity in the former suit; there was no waiver of her rights as an heir at law and she is not estopped by anything arising in the former action.

BEARD, Chief Justice.

In this case the defendant in error, Lydia H. Elmore, brought the action against the plaintiff in error, Claud K. Cook, to recover the title and possession of certain described real estate, claiming to be the owner thereof and that Cook held the legal title thereto in trust for her, and wrongfully kept her out of the possession of the same. Defendant denied holding the title in trust and claimed to be the absolute owner of the land. A decree was entered in favor of

plaintiff, and the defendant brings the case here by proceedings in error.

By stipulation of the attorneys for the respective parties the principal part of the evidence consists of evidence taken in the case of Cook v. Elmore, reported in 25 Wyo. 393, 171 Pac. 261. The additional evidence introduced by plaintiff being evidence showing that since the decision in that case final settlement of the estate of Mike Elmore, deceased, had been made and the remaining property of said estate in Wyoming, including said lands were awarded distributed and decreed to plaintiff, Mrs. Elmore. The additional evidence introduced by defendant being the testimony of a witness who testified that Mike Elmore in his lifetime had stated to him that the land belonged to Cook. Also evidence that Cook had placed improvements on the land after September 5, 1911, of the value of $3000.00. The other evidence in the case is sufficiently referred to and the facts stated in the opinion in the former case to present the questions in the present case. The court found the fact to be, in substance, that Cook held the legal title to the land in trust for Mike Elmore up until the time of his death, and thereafter for his successor in interest, Mrs. Elmore. That Cook recognized said trust and never repudiated the same, or made any adverse claim to the land until September 5, 1911. There is not much controversy as to those facts; and the evidence is sufficient to sustain such findings. Counsel for plaintiff in error rely, principally, for a reversal of the judgment upon two propositions, viz: 1. That the action is barred by the statute of limitations; and, 2. That the judgment in the former case is *res judicata* of the rights of Mrs. Elmore, and that she is estopped by that judgment from maintaining the present action.

The first proposition is based upon the contention "that the plaintiff in both cases is endeavoring to recover upon fraud, either actual or constructive, perpetrated by the defendant on Mike Elmore," and therefore comes within the provisions of Section 4300, Comp. St. 1910, which reads:

"Within four years * * * * an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." But we do not agree with that contention. It is alleged in the petition in this case that the deed was erroneously taken in the name of Cook, and there is no allegation that it was so done fraudulently, nor are there any facts alleged which to our minds amounts to an allegation of fraud. It was alleged in the petition in the former case, which is set out in full in the petition in this case, "That the said deed should have been taken in the name of the said Mike Elmore but was erroneously taken in the name of the defendant." The following averments appear in the petition in the former action, viz: "That the said defendant did not disclose to the said Mike Elmore that the deed to said land was taken in the name of the defendant as in good faith and duty he should have done nor did the defendant make, execute and deliver a deed therefor conveying said land to the said Mike Elmore as in good faith and conscience he should have done." And also: "That the said Mike Elmore did not know that the deed to said land was in the name of the defendant but trusted to the defendant to act in good faith and conscience." It is upon those allegations contained in the petition that counsel now claim that the action is one for recovery on the ground of fraud, and that the case comes within the provisions of the section of the statute above quoted. Considering the petition as a whole, we think it clear that it was not intended to allege, nor does it allege, fraud as the cause of action, but bases the action on the fact that Cook is the trustee of a resulting trust and holds the legal title to the land in trust for Mrs. Elmore; that he repudiated the trust September 5, 1911; and that she seeks by this action to recover the legal title and possession of the premises from him. The trust established by the evidence in the present case is strictly a resulting trust. "A resulting trust is a trust arising by implication or construction of law, and presumed to exist from the supposed inten-

tion of the parties and the nature if the transaction. Such trusts are also called 'presumptive' trusts, and are frequently defined in terms of or in connection with the character of the transaction out of which they most frequently arise, namely, where one person pays the consideration for a purchase and the title is taken in the name of another, although they may result from other kinds of transactions.'' (39 Cyc. 26.) ''Constructive trusts do not arise by argument or from intention but by operation of law; and fraud, active or constructive, is their essential element.'' (id. 169.) Counsel for plaintiff in error have argued the case apparently upon the theory that we are dealing with a constructive instead of a resulting trust; for which reason most of the authorities cited in their brief are not applicable to the case at bar. The case of Kent et al. v. Mahaffey 10 C. St. 204, was a clear case of fraud in the destruction of a will. Combs v. Watson, 32 O. St. 228 was an action to set aside a fraudulent conveyance and subject the property to the payment of debts under a particular statute. (Burling v. Newlands, 112 Cal. 476, 44 Pac. 810), was based on false and fraudulent representations. Counsel also cite Black v. Black, 64 Kans. 689, 68 Pac. 662, but so far as applicable to the facts in this case it is against their contention. We are of the opinion that the statute of limitations applicable to this case in Section 4295, Comp. St. 1910, which is as follows: ''An action for the recovery of the title or possession of lands, tenements or hereditaments can only be brought within ten years after the cause of such action accrues.'' Or, if not within that section, it comes within Section 4303, ''An action for relief not hereinbefore provided for, can only be brought within ten years after the cause of action accrues.'' We are of the opinion that upon the pleadings and the evidence in the present case it must be regarded as an action for the recovery of the title and possession of land, and therefore does not come within the provisions of Section 4300, above quoted. (Bradley Bros. v. Bradley, 127 Pac. 1044; 20 Cal. app. 1; Union Ice Co. v. Doyle, 6 Cal.

app. 284, 92 Pac. 112).)    It was held that in Cook v. El-
more, supra, that the statute did not begin to run against a
*cestui que trust* in possession until the date of his ouster
therefrom.    In addition to the cases therein cited, see (Zun-
kel v. Colson et al, 109 Iowa 695, 81 N. W. 175 and Rey-
nolds et al, V. Summer et al, 126 Ill 58, 18 N. E. 334; 1 L. R.
A. 327; 9 Am. St. Rep. 523).    The date of the ouster in the
present case was September 5, 1911, and the action was com-
menced April 27, 1918.    Therefore, the district court cor-
rectly held that the action was not barred.

On the second proposition, that the judgment in the for-
mer case is *res judicata* of the rights of Mrs. Elmore, coun-
sel for plaintiff in error state in their brief that, ''Inasmuch
as she could have pleaded the entire facts in the former
case and really attempted to do so she is barred from prose-
cuting the present action, and the plea of *res judicata* is
fully sustained under the pleadings and evidence intro-
duced.''    A judgment in one case is *res judicata* in a subse-
cant case when the parties to both actions are the same, and
for the same cause of action.    In such case when the matters
in issue in the former case have been decided upon the mer-
its the judgment is a bar to a second suit on the same cause
of action and concludes parties and those in privity with
them, and also of other matters which the parties might
have litigated within the issues as made by the pleadings.
That is, a party will not be permitted to split up a single
cause of action and make it the basis of several suits.    (15
R. C. L. p. 962, *et seq.*)    In this case the judgment relied
upon as a bar was rendered in an action between the execu-
trix of the will and administratrix of the estate of Mike El-
more, deceased, and Cook, upon a claim due from Cook to
said estate, and which it was the right and duty of the ad-
ministratrix to collect and receive.    The heirs or devises of
Mike Elmore, deceased, could not have maintained that
action, even if it had been alleged and proven who they
were.    Nor could the executrix or administratrix maintain
an action to recover the title.    (Cook v. Elmore, supra.)    The

two causes of action are distinct and separate and in favor of different parties. Nor would the same evidence support the present action which was necessary to sustain the former one. Under the statute the administratrix was entitled to the possession of all the real estate of which Mike Elmore died, seized and possessed, pending the settlement of his estate, and all that she was required to prove in the former case against Cook's defense that he was the absolute owner of the land by virtue of the deed was that she was such executrix or administratrix, that Mike Elmore died seized of the land, and that Cook took and held the legal title in trust for Mike Elmore during his lifetime. In the present case it was necessary to further prove, in order to recover title and possession, that the estate had been settled and that she was the sole devisee under the will and was the owner of the land. In the former case it was not necessary to decide, nor was it decided, who succeeded to the title of Mike Elmore, deceased. ''When the second action between the same parties is upon a different claim or demand, or cause of action, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined.'' (15 R. C. L. p. 973), and cases cited in note. The principle is also established that a former judgment does not have the effect of *res judicata* unless the second suit is not only between the same parties but between them in the same right or capacity. (15 R. C. L. 1012), and cases there cited. There would be stronger reason in the present case for a holding that the judgment in the former case is *res judicata* of Cook's right under the deed than that Mrs. Elmore is estopped thereby from maintaining this action. Our conclusion on that point is that the judgment in the former suit is not a bar to the maintenance of the present action. The only other question, briefly discussed in counsel's brief, is the sufficiency of the evidence to sustain the findings and judgment. We are satisfied that the evidence is sufficient to

support both, and that the judgment should be, and there-
fore is, affirmed.

*Affirmed.*

POTTER and BLYDENBURGH, JJ., concur.