Loretta ROUSH, Appellant
(Plaintiff below),

v.

James W. ROUSH, Hadley Roush, a/k/a Walter Hadley Roush, Doris Eileen Farman, Juanita F. Vinke, a/k/a Juanita Roush Vinke, Donald Gene Roush, and if any of these be Deceased, their heirs and devisees, Appellees (Defendants below).

No. 4975.

Supreme Court of Wyoming.

Jan. 26, 1979.

Timothy S. Tarver, of Burgess & Davis, Sheridan, for appellant.

Tom C. Toner, of Redle, Yonkee & Arney, Sheridan, for appellees.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

PER CURIAM.

Appellant-plaintiff appeals from the order denying plaintiff's motion for summary judgment and granting appellees-defendants' motion for summary judgment. We will affirm.

* At the time of oral argument, Guthrie J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to

## FACTS

Defendants are the children of Loy Roush and Nova Roush. Loy Roush was owner of the E.½ of Section 20, T. 43 N., R. 74 W. in Campbell County, Wyoming. On December 30, 1939, the land was conveyed by deed from Loy Roush and Nova Roush to August and Luella Laur. The deed contained an exception whereby one-half of the owned mineral rights was reserved to grantors. On September 15, 1941, Loy Roush and Nova Roush were divorced. Later, Loy Roush married plaintiff. He died intestate on April 4, 1963, and was survived by his widow, plaintiff, and by his four children, defendants.

Thereafter, on July 27, 1963, his first wife, Nova, brought an action against plaintiff here and the Texas Oil Company, a lessee of the mineral rights, in which she claimed a one-fourth interest in the mineral rights as a tenant in common by virtue of the exception in the deed, and in which she sought declaratory and quiet title relief from the adverse claim of plaintiff. The action ultimately came to this court in 1965, and this court held that the former wife, Nova, did not have a present interest in the mineral rights since the most she retained under the exception in the deed was a contingent interest equal to the value of homestead in event she became a widow of Loy Roush, and that this retained right was lost upon divorce. *Burnell v. Roush*, Wyo., 404 P.2d 836 (1965) (hereinafter referred to as the "*Burnell* case").

Plaintiff based her complaint in this action to quiet title in her of all of the one-half interest in such mineral rights previously held by Loy Roush on the theory of adverse possession. Defendants answered and counterclaimed to quiet title in them of one-half of the one-half interest in such mineral rights previously held by Loy Roush, by virtue of § 2-3-101, W.S.1977 (rules of descent), i. e., one-sixteenth of

Article V, Section 5, Wyoming Constitution and § 5-1-106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

total mineral rights to each of the four defendants. Plaintiff's response to the counterclaim was in the form of admissions and denials. Both parties then filed motions for summary judgment. Thereafter, plaintiff filed a motion for leave to file an amended answer to the counterclaim, attaching a copy of the proposed answer to the motion. The proposed answer set forth a defense of res judicata based on the judgment in the *Burnell* case. The motion for leave to file the amended answer to counterclaim was not acted upon by the court; but the court, in its order denying plaintiff's motion for summary judgment and granting defendants' motion, considered and rejected the defense of res judicata.

## PROCEDURE

Although the complaint makes reference to the *Burnell* case in reciting the facts leading up to plaintiff's claim, the claim itself is grounded on adverse possession. The counterclaim was grounded on the same theory. Neither party set forth the defenses of res judicata or statute of limitations to the other's claim as required by Rule 8(c), W.R.C.P. The issue of res judicata was referred to in the affidavit attached to plaintiff's motion for summary judgment, in plaintiff's pretrial memorandum, and in plaintiff's brief in support of the motion for summary judgment. It was also referred to in defendants' pretrial memorandum. The issue of collateral estoppel was referred to in plaintiff's pretrial memorandum and in defendants' pretrial memorandum. The trial court rejected res judicata in its order granting summary judgment to defendants. A review of the record reflects that the statute of limitations issue first surfaced as an independent issue on appeal to this court. It was mentioned only in plaintiff's pretrial memorandum in the argument relating to adverse possession.

Since plaintiff can not prevail in this appeal on any of these theories, and since Rule 15(b), W.R.C.P., authorizes consideration by the trial court of issues not raised by the pleadings, we will not pass at this time on the propriety of the procedure as determinative of this matter against her.

## ADVERSE POSSESSION

■ The principle enunciated by this court in *Ohio Oil Co. v. Wyoming Agency*, 63 Wyo. 187, 179 P.2d 773, 779 (1947), is here controlling as to the issue of adverse possession:

"* * * The authorities are unanimous in holding that where the surface and mineral estates have been severed, possession of the surface by its owner, cannot be adverse to the owner of the minerals, and that there can be no adverse possession of the severed mineral estate in the absence of mining operations. * * *"

Since minerals have not been produced from these premises, the elements necessary to sustain the doctrine of adverse possession are not present.

## RES JUDICATA AND COLLATERAL ESTOPPEL

■ A final, valid determination on the merits is conclusive on the parties and those privy with them as to the matters adjudged, or which should have been litigated, in another action or proceeding involving the same cause of action. *Bard Ranch Company v. Weber*, Wyo., 557 P.2d 722 (1976); *Cook v. Elmore*, 27 Wyo. 163, 192 P. 824 (1920). The doctrine of collateral estoppel is similar except that instead of involvement of the same causes of action, the involvement must be of identical issues which are necessary for the judgments. *Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670 (1935); *Bard Ranch Company v. Weber*, supra; *Cook v. Elmore*, supra.

Plaintiff contends that both doctrines apply to this case. Defendants contend that neither applies. The trial court accepted defendants' contention. We agree with the trial court. The doctrines are not here applicable inasmuch as, (1) the parties in the two cases are not the same, and (2) the causes of action and issues in the two cases are not the same.

With reference to the difference between the parties, a reading of the captions in the two cases reflect that the defendants here were not parties to the *Burnell* case. Nor were they privy to the parties to the *Burnell* case. Plaintiff's suggestion that defendants were made privy to the *Burnell* case by virtue of transfer of their interests in the mineral rights to their mother, Nova, the plaintiff in the *Burnell* case, "prior to or during" that litigation is controverted by the fact that such conveyance was with the understanding that she would reconvey them to defendants, and she did so reconvey them. Thus, she held such rights of defendants in trust for them. As said in *Cook v. Elmore*, supra, 192 P. at 827, "a former judgment does not have the effect of res judicata unless the second suit is not only between the same parties, but between them in the same right or capacity."

With reference to the difference between the causes of action and between the issues, the consideration in this case is to determine in whom is vested the title to mineral rights owned by Loy Roush when he died intestate, whereas the consideration in the *Burnell* case "was necessarily confined to the theory of all parties that plaintiff did or did not acquire a one-fourth interest as a tenant in common to the minerals excepted from a deed executed during coverture by the owner-husband and his spouse, who were later divorced." *Krug v. Reissig*, Wyo., 488 P.2d 150, 151 (1971).

Furthermore, plaintiff could not prevail even if her contention that the doctrines of res judicata or collateral estoppel were here applicable. She contends that the *Burnell* case concerned itself with *all* title then held by Loy Roush's former wife, Nova, in the mineral rights in question, and not only with the title in those rights held by her pursuant to the exception in the deed. However, plaintiff's own claim to title of the mineral rights is based on the rules of descent, i. e., § 2–3–101, W.S.1977. In upholding plaintiff's claim, the *Burnell* case adjudged the title to the mineral rights to pass under the rules of descent. If that

judgment is res judicata as to this issue, it applies to the passage of the mineral rights to defendants as well as to plaintiff.

Nor can attention be directed, for the purpose of changing this result, to knowledge, or lack of knowledge, by the court in the *Burnell* case concerning the identity of the heirs of Loy Roush under the rules of descent. The fact of this knowledge is immaterial—unless the court was misinformed, in which event the materiality is only with reference as to whether or not there has been a fraud upon the court.

## STATUTE OF LIMITATIONS

Plaintiff's contention that the counterclaim in this action is otherwise barred by the provision of § 1–3–103, W.S.1977, is without merit for the same reasons.

If plaintiff now proffers this argument as a position separate from that of adverse possession, it is a position which was not presented to the district court or considered by it. It will therefore not be considered on appeal. *Minnehoma Financial Co. v. Pauli*, Wyo., 565 P.2d 835 (1977).

If the plaintiff proffers this argument as part of the adverse possession issue to contend that the action accrued when she filed her answer in the *Burnell* case in which she asserts ownership in the mineral rights, it has already been pointed out that the *Burnell* case concerned only the question as to rights obtained by virtue of the exception in the deed and that both plaintiff's and defendants' rights through descent were there confirmed. Therefore, any adverse holding for purposes of that complaint and counterclaim would mature at the same time, i. e., at the time minerals are produced from the premises (it is noted that it is the plaintiff who has initiated this case).

"Adverse possession is based upon the running of the statute of limitations applicable to the recovery of property. In other words, the doctrine of adverse possession is primarily an application of the statute of limitations. The application of the statute to actions for the recovery of

real property differs from its application to actions for the recovery of money or to recover damages, however, in that in the former case, the mere expiration of the time limited does not amount to a defense, but it is essential that the party be in possession of the real estate for the statutory period under certain conditions and requisites." 3 Am.Jur.2d, Adverse Possession, § 2.

Affirmed.