Ken **ROBERTSON** and Nick Beresky dba **Koko International Properties, Appellants (Third-Party Plaintiffs),**

v.

**TWP, INC., Appellee (Third-Party Defendant).**

**No. 5716.**

Supreme Court of Wyoming.

Jan. 3, 1983.

Warren R. Darrow and J.C. Brooks of Vlastos, Reeves & Murdock, P.C., Casper, for appellants.

H.B. Harden, Jr., Casper, for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

THOMAS, Justice.

The most troublesome issue raised by this appeal involves the right of third-party plaintiffs to amend their third-party complaint to assert additional claims against a third-party defendant after the entry of a summary judgment in favor of the third-party defendant on the third-party plaintiffs' claim for indemnity, but before that summary judgment became final under our Wyoming Rules of Civil Procedure. The second question involves the liability of an intermediate seller of land to its purchaser for indemnity for tortious acts of the purchaser against neighboring landowners. The district court entered a summary judgment in favor of the third-party defendant (appellee) on the claim of the third-party plaintiffs (appellants) for indemnity. Subsequently the district court denied a motion to amend their third-party complaint, which was submitted before the summary judgment became final under Rule 54(b), W.R.C.P. We shall affirm the district court.

The appellants purchased a tract of land in Natrona County, Wyoming, for the purpose of constructing a real estate development thereon. The purchase was accomplished by the assignment by TWP, Inc., of its rights as a purchaser under a contract for the sale of the land to the appellants. Paragraph 5 of the Contract for Deed which was assigned provided in part:

" * * * [I]t is anticipated that sewer service for subject property will be provided by a new sewer plant to be constructed by Radix, Inc. Sellers shall provide Buyer with a Letter of Commitment to Buyer's satisfaction that Radix will service subject property with sewer service at Three Hundred Fifty Dollars ($350.00) each for at least one hundred fifty (150) single-family residences subject to Buyer installing mains, man-holes and the like."

The assignment of the Contract for Deed occurred about July 6, 1979, and thereafter the appellants proceeded to execute their plans for constructing a subdivision by accomplishing grading and excavating on the property. It is their position that the president of the appellee had on a number of occasions made specific representations that the sewer service would be supplied in accordance with the quoted language of the contract.

In about October of 1979 the development work on the subdivision project was stopped. It appears that this was because of advice by representatives of Natrona County that a final plat could not be obtained because adequate sewer facilities were not available for the subdivision. Natrona County also advised the appellants that no further development activities could be undertaken until such time as a final plat approval was obtained.

During the balance of that fall and winter loose dirt from the land owned by the appellant was blown by the winds upon the property of their neighbors. On March 18, 1980, those neighbors sued the appellants, T.W. Pittman and Radix, Inc., for damages to their property. The claims of the neighbors were premised upon public nuisance, violation of zoning regulations, violation of statutes, and violation of Department of Environmental Quality regulations, and punitive damages were sought. The particular damages ran the complete gamut of possibilities of damage that can result from blowing dirt, including damages to the residences of the neighbors, damages to their personal property, and damages to their land, and the costs and expenses of cleaning up their residences, property and land.

Answers and cross-claims were filed by the several defendants, and on August 25, 1980, pursuant to leave granted by the district court, the appellants filed a third-party complaint against the appellee. Pursuant to that third-party complaint the appellants sought indemnity from the appellee for any damages for which they might be found liable to the original plaintiffs. It was their theory that the appellee breached its agreement with them in that sewer service was not provided, and that the appellee impliedly warranted the property was suitable for residential subdividing; that if they had known that sewer service would not be provided they would not have begun the grading and excavating of the property and no erosion would have resulted; and that except for the failure to provide the sewer service the damages to the plaintiffs would not have resulted.

After a good deal of discovery among the several parties the appellee filed a "Motion for Summary Judgment against Third-Party Complaint; Motion to Dismiss Third-Party Complaint for Failure to Join Indispensible [sic] Parties; Motion to Add Parties; Motion to Compel Answers to Interrogatories." On April 9, 1981, the district court entered a "Summary Judgment in Favor of T.W.P., Inc., Third-Party Defendant Against Ken Robertson and Nick Beresky dba KoKo International Properties Third-Party Plaintiffs on Third-Party Complaint." The summary judgment is silent with respect to the reasons for which the district court granted it. The entry of the summary judgment still left pending several claims by some parties against other parties.

On September 23, 1981, the appellants filed a Motion for Modification Order or in the Alternative to Amend, pursuant to which they requested an order modifying the summary judgment entered against them and in favor of the appellee, "or, in the alternative, said defendants would request that they be permitted to amend their Third-Party Complaint against T.W.P., Inc." In a Memorandum in Support of

Motion for Modification, or, in the Alternative, Motion to Amend, the appellants made it clear that they were concerned about the possible effect of res judicata upon their other claims against the appellee if the summary judgment were not modified or if they were not granted leave to amend. On November 30, 1981, the district court entered its order denying the Motion for Modification, or, in the Alternative, Motion to Amend. It does not appear that an amended third-party complaint was filed, even in connection with the motion, but it is clear that the claims which the appellants would have injected into the proceeding would relate to claims against the appellee for breach of contract, breach of warranty, or negligent misrepresentations resulting in damages for loss of use and loss of profits, diminution in value, and expenses incurred with respect to the development of the property in question.

All claims ultimately were disposed of by the entry of an order based upon a stipulation of dismissal with respect to the appellants and another third-party defendant, which was entered on May 21, 1982. This appeal then followed, with the notice of appeal specifying that the appellants appeal from the summary judgment in favor of TWP, Inc., and from the order denying the appellants' motion to modify the summary judgment, or alternatively to modify their third-party complaint.

As stated by the appellants in their brief, the issues in this case are as follows:

"A. IT APPEARING THAT THE DISTRICT COURT IMPLIEDLY FOUND THAT ANY ACTS OR OMISSIONS OF THE APPELLEE WERE NOT THE PROXIMATE CAUSE OF THE PLAINTIFFS' DAMAGES, DID THE DISTRICT COURT ERR IN CONCLUDING THAT THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT RELATING TO PROXIMATE CAUSE IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE AND AGAINST THE APPELLANTS ON THEIR CLAIM FOR CONTRIBUTION AND INDEMNITY?

"B. IN DENYING THE APPELLEES' MOTION TO MODIFY THE ORDER GRANTING SUMMARY JUDGMENT DURING [sic] THE ALTERNATIVE TO AMEND THEIR THIRD PARTY COMPLAINT, DID THE DISTRICT COURT ERR IN THAT IT MAY HAVE FORECLOSED THE APPELLANTS FROM PURSUING ANY OTHER CLAIMS FOR DAMAGE THEY MAY HAVE HAD ARISING OUT OF THE PURCHASE OF THE PROPERTY AND THE APPELLEES' MISREPRESENTATIONS RELATIVE TO THE AVAILABILITY OF SEWER FACILITIES?"

The appellee does not resist the statement of issues by the appellants, but in its brief it specifically takes the position that the effect of the issue identified as "B" is to induce this court to make a determination that the theories sought to be injected by amendment into the third-party complaint would not be barred by the entry of the summary judgment on the third-party complaint under the doctrine of res judicata. The appellee's position unequivocally is that this court should not decide that question but should await the ripening of the issue before reviewing it.

The summary judgment entered in the district court in favor of appellee and against appellants is not definitive as to the basis for which it was entered. In this court, however, the parties are in agreement that the ground upon which the district court granted the summary judgment was that of proximate cause. Succinctly stated, the district court held that no action on the part of appellee was a proximate cause of the injuries to the plaintiffs with respect to whose claims indemnity was sought by the appellants; that there was no genuine issue of fact with respect to that legal ground; and for that reason there was no genuine issue as to any other material facts. We affirm the entry of the summary judgment by the district court. The right of the appellants to seek indemnity from the appellee in this instance is controlled by what this court said in *Kopriva v. Union Pacific Railroad Company,* Wyo., 592 P.2d

711 (1979). Paraphrasing what we there said, assuming that TWP, Inc., was guilty, of a breach of contract with respect to the agreement assigning the Contract for Deed, the question is whether that breach of contract is a proximate cause of the injury to the plaintiffs.

"* * * We agree that but for the act of the defendant the accident might not have occurred, but this fact does not determine the question of liability. The law does not charge a person with all the consequences of a wrongful act but ignores remote causes and looks only to the proximate cause. In *Lemos v. Madden,* 28 Wyo. 1, 10, 200 P. 791, 793 (1921) Justice Blume defined the issue as follows:

" 'The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred.'

"Later in the case, 28 Wyo. at 12, 200 P. at 794, Justice Blume rejected the notion of 'but for' causation and stated:

" 'But if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause, notwithstanding the fact that there would have been no loss or injury but for such condition or occasion.' " *Kopriva v. Union Pacific Railroad Company,* supra, at 712–713.

As was true in *Kopriva,* the asserted wrongful act of the appellee in this instance provided "only the condition or occasion" for the wrong to the plaintiffs, and hence was only the remote cause and not the proximate cause, and no liability for indemnity can be imposed. We add only that it would be difficult to conceive of a more clear example of an efficient intervening cause than that portrayed by the facts here. Until the ground was broken by the initiation of the excavating and grading for the subdivision development, there was no potential for harm to the plaintiffs. The activities of the appellants, concededly accomplished through agents of the appellants, were in this instance the sole proximate cause of the injuries to the neighbors' homes, possessions and land.

We turn then to the complaint of the appellants that the district court erred in denying their motion to amend their third-party complaint. We are cognizant of the position of the appellee to the effect that whether the additional claims which appellants sought to include by amendment might be barred by res judicata is not before the court in this case. We find that we are not in accord with that position.

Amendments of the pleadings are governed by Rule 15, W.R.C.P., and this court has held that the allowance or disallowance of an amendment to the pleadings is a matter within the sound discretion of the district court, and can only be reversed on appeal if an abuse of discretion is present. *Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.,* Wyo., 608 P.2d 1299 (1980) reh. denied 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981); *Rose v. Rose,* Wyo., 576 P.2d 458 (1978); and *Breazeale v. Radich,* Wyo., 500 P.2d 74 (1972). Rule 15(a), W.R.C.P., specifically provides that:

" * * * leave shall be freely given when justice so requires. * * *."

In *Rose v. Rose,* supra, which involved the applicability of Rule 15(b), W.R.C.P., the court connected the exercise of the trial court's discretion with justice requiring the amendment, and indicated that the basic guideline to be followed is whether the allowance of the amendment would prejudice the adverse party.

Both parties are concerned with respect to the rule of res judicata in an instance such as this. In our judgment if the claims which the appellants sought to inject by the amendment of their third-party complaint would be lost, because of the application of the doctrine of res judicata, if the amendment were not allowed we then are confronted with a situation in which justice would require that leave be granted to amend. We would in such an instance hold that the failure to grant leave to amend would constitute an abuse of discretion on the part of the trial court. Conversely, if

those claims would not be lost because of the doctrine of res judicata, we then could find no abuse of discretion on the part of the district judge because the only burden upon the appellants in such an instance would be that of instituting another action. The basis of our decision requires that we consider the application of the rule of res judicata to the claims which the appellants sought to inject by amendment.

With respect to this matter we hold that those claims would not be lost because of the application of the doctrine of res judicata. Consequently there is no abuse of discretion on the part of the district court in refusing to grant leave to the appellants to amend their third-party complaint, and the action of the district court in this respect also is affirmed.

We first would note the adoption of Rule 14, W.R.C.P., from the Federal Rules of Civil Procedure. We have said that this factor makes federal authorities which interpret the federal rule highly persuasive. *Olson v. Campbell County Memorial Hospital,* Wyo., 652 P.2d 1365 (1982); *Weaver v. Blue Cross-Blue Shield of Wyoming,* Wyo., 609 P.2d 984 (1980); and *Whitefoot v. Hanover Insurance Company,* Wyo., 561 P.2d 717 (1977).

We then note that under Rule 14, F.R.C.P., whether a third-party complaint will be permitted when leave of court is sought to file it, or alternatively whether it may be stricken if filed without leave of court is a matter within the discretion of the trial court. 6 Wright & Miller, Federal Practice and Procedure, § 1443, p. 207 (1971), and authorities cited therein. The United States Court of Appeals for the Tenth Circuit has held in this regard that if the third-party complaint would require the trial of issues not involved in the controversy between the original parties, without serving any convenience, there is no good reason to permit the third-party complaint to be filed. *United States Fidelity & Guaranty Co. v. Perkins,* 388 F.2d 771 (10th Cir. 1968). At this juncture we note only the possibility that such a proposition might well pertain in this case, but we do call

attention to the difficulty of applying the extension of the rule of res judicata to matters which a trial court in its discretion may or may not permit to be injected into the initial lawsuit. In such circumstances the invocation of the rule of res judicata as a future bar to those matters which might have been litigated is suspect. We also point out that what in effect occurred in this instance was that the appellants sought leave of court to file a third-party complaint presented beyond the ten-day period in which it could be filed as a matter of right.

Appellants profess concern about language from *Roush v. Roush,* Wyo., 589 P.2d 841, 843 (1979). The language from that case engendering the appellants' concern reads in full as follows:

"A final, valid determination on the merits is conclusive on the parties and those privy with them as to the matters adjudged, or which should have been litigated, in another action or proceeding involving the same cause of action. *Bard Ranch Company v. Weber,* Wyo., 557 P.2d 722 (1976); *Cook v. Elmore,* 27 Wyo. 163, 192 P. 824 (1920). The doctrine of collateral estoppel is similar except that instead of involvement of the same causes of action, the involvement must be of identical issues which are necessary for the judgments. *Willis v. Willis,* 48 Wyo. 403, 49 P.2d 670 (1935); *Bard Ranch Company v. Weber,* supra; *Cook v. Elmore,* supra."

In our judgment appellants read more into this language than actually is there.

In the quoted language with respect to a determination on the merits, the limitation of the same cause of action is attached. That is sound in the light of what the court said with respect to the doctrine of res judicata in *Bard Ranch Company v. Weber,* Wyo., 557 P.2d 722 (1976). If the second case is premised upon a different cause of action, even though between the same parties, res judicata will not serve to bar that action. We are satisfied, and hold, that any cause of action which these appellants sought to interject by amendment for dam-

ages arising out of the breach of the contract between them and the appellee based upon failure of performance or breach of contract, breach of warranty, or negligent misrepresentations resulting in damages for loss of use, loss of profits, diminution in value, and expenses incurred in connection with the development of the property in question is a different cause of action than the cause of action for indemnity for which the summary judgment was granted to the appellee. Consequently in accordance with the rules laid down in *Bard Ranch Company v. Weber*, supra, res judicata would not bar such cause of action.

We then consider the potential impact of collateral estoppel. That question is easily disposed of because the parties agree that the basis for the grant of the summary judgment in favor of the appellee was that its conduct was not a proximate cause of the damages to the plaintiffs in the main action out of which these proceedings arose. That being the only matter actually litigated in this case, the impact of that holding as collateral estoppel in an action by the appellants against appellee for breach of contract or similar theories would not seem to be particularly material, and at least from this perspective would have a very limited impact upon the second action.

An examination of the cases in which this court has considered the application of the doctrine of res judicata as that rule is precisely defined and its corollary collateral or judicial estoppel leads to the conclusion that the policy in Wyoming has been to apply those propositions rather narrowly. *Barrett v. Town of Guernsey*, Wyo., 652 P.2d 395 (1982); *Roush v. Roush*, supra; *Bard Ranch Company v. Weber*, supra; *Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670 (1935); and *Cook v. Elmore*, 27 Wyo. 163, 192 P. 824 (1920). While those concepts will be invoked when appropriate to avoid repetitious suits involving the same cause of action, and the relitigation of matters actually litigated and determined in the first proceeding, to the end that the concept of finality is honored in litigation in the State of Wyoming, still they are not to be applied in a highly technical manner which would in a context such as this prevent litigants from presenting their claims against others for determination on their merits.

The judgment of the district court is affirmed.

ROONEY, Justice, specially concurring.

I concur with the holding of the majority opinion. I also agree with that said therein down to the point whereat it reads:

"We turn then to the complaint of the appellants that the district court erred in denying their motion to amend their third-party complaint. * * * *"

All that follows is dicta and unnecessary to the holding. I will wait until the issue is pertinent to that presented to us before considering or deciding my position relative thereto.