**Rick MORGAN, Plaintiff-Appellant,**

**v.**

**CITY OF RAWLINS and Abe DeHerrera, Defendants-Appellees.**

No. 84–2252.

United States Court of Appeals, Tenth Circuit.

June 3, 1986.

Stephen H. Kline of Kline & Buck, Cheyenne, Wyo., for plaintiff-appellant.

Steve D. Noecker of Johnson, MacPherson & Noecker, Rawlins, Wyo., for defendant-appellee City of Rawlins.

Craig E. Kirkwood of Kirkwood, Copenhaver & Nelson, Laramie, Wyo., for defendant-appellee Abe DeHerrera.

Before McKAY and MOORE, Circuit Judges, and SAM, District Judge *.

JOHN P. MOORE, Circuit Judge.

Rick Morgan instituted this action under 42 U.S.C. §§ 1983, 1988, alleging the city of Rawlins (City) and Abe DeHerrera, appellees, deprived him of his First and Fourteenth Amendment rights by encouraging him to voice his concerns about problems in the City's police department and then terminating his employment shortly thereafter. In a concise opinion, the United States District Court of Wyoming granted the motion to dismiss filed by the City and Mr. DeHerrera, holding that res judicata barred the present action. Appellant urges error in the district court's order. Our examination of the briefs, record, and law of Wyoming establishes the merit of appel-

---

* Honorable David Sam, District Judge for the District of Utah, sitting by designation.

lant's position, and we reverse the trial court.

## I.

We deal with a familiar scenario in the § 1983 setting. During his first year in the Rawlins' police department, Mr. Morgan, a probationary employee[1], participated in a grievance session in which the city manager and Mr. DeHerrera encouraged an open discussion about the reasons for the department's low morale and other problems. Mr. Morgan alleges he voiced his opinion and later signed a memorandum itemizing his views. A month later, Mr. Morgan was discharged from his position without explanation. Prior to his firing, Mr. Morgan had received a high job performance rating and a substantial increase in salary which he considered to be indicia of his general acceptance and level of competence.

In response to his discharge, Mr. Morgan filed suit in the state court, alleging that pursuant to Wyo.Stat. §§ 1–39–101 to 119 (1977), Wyoming Governmental Claims Act[2], the City[3] provided an inadequate procedure for his termination. Mr. Morgan alleged his discharge under Wyo.Stat. § 15–5–110 (1977), Filling Officer Vacancy,[4] violated his Fifth and Fourteenth Amendment rights to notice and a hearing, and the entire procedure before the police commission board was invalid because the commission's rules had not been filed according to Wyoming law.[5] In this diffuse fashion, the complaint appeared to allege a flaw in the available state procedure which caused injury to the plaintiff.

The City moved to dismiss the complaint contending the plaintiff had failed to state a claim for relief. In its brief in support of the motion, the City cited the language of § 1983; discoursed on whether a property right was at issue, citing *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); and concluded with a discussion of the authority of the police commission and the correctness of the action. After an evidentiary hearing, of which there is neither a transcript nor discussion in the record,[6] the state court dismissed Mr. Morgan's suit with prejudice. There is no written order from that court to elucidate the basis for the dismissal and no other findings to provide any shape or direction to this court's inquiry. Although the City now states Mr. Morgan was given leave to amend his complaint, the record again fails to support this statement.

Retaining new counsel, Mr. Morgan then filed the instant complaint in the federal district court seeking relief under §§ 1983 and 1988. Mr. Morgan joined Mr. DeHerrera in the second action. Alleging his termination was the result of the exercise of his right of free speech and the actions of Mr. DeHerrera were malicious and willful, Mr. Morgan sought damages for loss of earnings, loss of reputation, and mental anguish. Mr. Morgan also prayed for punitive damages separately against Mr. DeHerrera.

The City and Mr. DeHerrera filed sepa-

---

1. Wyo.Stat. § 15–5–109 (1977) provides in part: "The first year of employment of any person in the classified service is on a trial basis, during which time the person may be dropped from the register."

2. The Wyoming Governmental Claims Act represents a legislative recognition of "the inherently unfair and inequitable results ... in the strict application of the doctrine of governmental immunity...." Wyo.Stat. § 1–39–102 (1977).

3. Mr. DeHerrera was not named in the first action.

4. We can discern no basis for citing this section.

5. In support of this allegation, Mr. Morgan's attorney cited Wyo.Stat. § 9–4–104 (1977) and touched on a variety of issues, including exhaustion of administrative remedies.

6. The state court's order and the appellees' briefs refer to witnesses called and evidence taken. We have no indication whether the witnesses were members of the police commission board, fellow police officers, or the city manager. Absent any other description, we can only speculate on the line of questioning.

rate motions to dismiss.[7] The City contended res judicata barred relitigation of those issues raised or which could have been raised in the prior action when there had been a valid adjudication on the merits. The City cast the new claim for the deprivation of First Amendment rights in the same light as the Fifth and Fourteenth Amendment state court claims and argued the same set of facts fueled the newly raised constitutional issue. Citing *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the City urged that Wyoming law barred Mr. Morgan's action.[8]

In its order, the district court treated the state court dismissal as an adjudication on the merits, the state court not having specifically stated otherwise. W.R.C.P. 41(b); Fed.R.Civ.P. 41(b). Because the prior adjudication was on the merits, the court relied on *Migra* to give equal application of Wyoming principles of res judicata to Mr. Morgan's § 1983 suit. Applying *Roush v. Roush*, 589 P.2d 841, 843 (Wyo.1979), which stated "[a] final valid determination on the merits is conclusive on the parties and those privy with them as to all matters adjudged, or which should have been litigated, in another action or proceeding involving the same cause of action," the court held the subsequent action mirrored the first but for the new labels and legal theories. Noting that Mr. DeHerrera was not a party in the prior action, the court decided nevertheless that Mr. DeHerrera was in privity with the City, insulated by his capacity as chief of police, "employee/employer, government official/government relationship."

## II.

Dismissal of a case pursuant to Fed.R. Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To reach this conclusion, we clothe plaintiff's claim in such fashion to presume all allegations true. "The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381 (9th Cir.1985).

The sufficiency of a complaint is a question of law which we review de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Accordingly, we apply the same scrutiny to the complaint as did the trial court. *Boise City Farmers Co-Op v. Palmer*, 780 F.2d 860 (10th Cir.1985) (citations omitted). Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. Wright & Miller, Federal Practice and Procedure: Civil § 1357 (1969).

## III.

The trial court determined as a matter of law that Mr. Morgan could prove no set of facts to avoid the preclusive effect of the prior state judgment. We, too, begin our inquiry with *Migra*, 104 S.Ct. at 892, in which the Court recently resolved the lingering question of whether § 1983 was intended to create an exception to the general preclusive effect of state court judgments as implemented by 28 U.S.C. § 1738, the Full Faith and Credit Statute. The Court concluded that neither the Congressional history, the statutory language, nor the policy concerns underlying § 1983 supported this exception. Thus, the Court held that petitioner's state-court judgment has the same claim preclusive effect in federal court that the judgment would have in state court. If a state court would not

---

**7.** The City and Mr. DeHerrera also filed a motion for summary judgment with supporting affidavits to which Mr. Morgan responded. In its order, the district court addressed only the motion to dismiss.

**8.** The City also argued plaintiff's claim was barred by the statute of limitations. The trial court did not address that issue and it is not before us.

give effect to a constitutionally infirm judgment, the federal court should also refuse to preclude that claim. Equally, if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation, redetermination of the issues is warranted. *Montana v. United States,* 440 U.S. 147, 164, n. 11, 99 S.Ct. 970, 979, n. 11, 59 L.Ed.2d 210 (1979) (citations omitted). *See also* Smith, *Full Faith and Credit and Section 1983: A Reappraisal,* 63 N.C.L.Rev. 59 (1985).

■ We read Wyoming law to apply claim and issue preclusion narrowly and cautiously. Application is premised on the availability of a full and considered determination in the prior action. *Delgue v. Curutchet,* 677 P.2d 208 (Wyo.1984). In *Roush v. Roush,* 589 P.2d 841 (Wyo.1979), the Supreme Court of Wyoming circumscribed res judicata by the concept of claim preclusion and held a valid determination on the merits to bind the subject matter and the parties and to bar the relitigation of the same cause of action. However, the *Roush* court continued, "a former judgment does not have the effect of res judicata unless the second suit is not only between the same parties, but between them *in the same right or capacity." Id.* at 844, citing *Cook v. Elmore,* 27 Wyo. 163, 192 P. 824 (1924) (emphasis added); *Joelson v. City of Casper, Wyo.,* 676 P.2d 570 (Wyo.1984) (res judicata applied to administrative decisions). Later, in *Robertson v. TWP, Inc.,* 656 P.2d 547, 553 (Wyo.1983), the court concluded, "An examination of the cases in which this court has considered the application of the doctrine of res judicata as that rule is precisely defined and its corollary collateral or judicial estoppel leads to the conclusion that the policy in Wyoming has been to apply those propositions rather narrowly." (citations omitted). While the policy behind res judicata is to prevent an encore, to "limit the litigant to one opportunity to try his case on the merits," *CLS v. CLJ,* 693 P.2d 774 (Wyo.1985), in our view, Wyoming common law recognizes equitable considerations in the application of res judicata and will not preclude litigation for "highly technical" reasons that would "prevent litigants from presenting their claims against others for determination on their merits." *Robertson* at 553.

■ Absent any other indication in the record, we must assume that the state court's inquiry was limited to the allegations of plaintiff's complaint. Further speculation on the nature or scope of the state proceeding is impermissible. Thus, Mr. Morgan's first complaint (Morgan I) alleges the City provided inadequate procedures for his termination. If we limit Morgan I to this issue, we may assume the state court focused on the procedural issue to determine whether as a matter of law plaintiff presented facts to entitle him to relief. Appellees, however, contend the matter was briefed and argued to the court as a § 1983 action [R.I, 27]. That assertion is unfounded in the record. Although the City's original memorandum in support of its motion to dismiss in Morgan I quotes § 1983 without elaboration, we cannot allow the defendant to raise or frame the issues in plaintiff's complaint. A fundamental principle of federal jurisdiction is to look to plaintiff's complaint to establish jurisdiction. *Gully v. First Natl Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Madsen v. Prudential Federal Savings & Loan Association,* 635 F.2d 797, 800–01 (10th Cir.1980), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981).

■ Hence, we are satisfied, in the light of this record, that substantive issues inherent in a § 1983 claim were not the focus of the state hearing such that we are comfortable concluding that Mr. Morgan had a full and fair opportunity to litigate the claim in the prior proceeding. We cannot characterize the state resolution as "on the merits" because we have defined that phrase as "the real or substantial grounds of the action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *Clegg v. United States,* 112 F.2d 886 (10th Cir.1940). Since *Migra* requires we give the same res judicata effect as would a Wyoming court, we con-

clude Morgan I lacks those necessary indicia of an adjudication on the merits to preserve it for purposes of res judicata.

We have recently defined the elements of a claim under § 1983 as a deprivation of rights secured by the Constitution or federal law and action occurring under color of state law. *Garcia v. Wilson*, 731 F.2d 640, 650 (10th Cir.1984), *aff'd*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). At issue in *Garcia* was the appropriate statute of limitations applicable in a § 1983 action. In resolving this issue, we concluded that "the evidence necessary to support a § 1983 claim is so often significantly distinct from the facts at issue in an arguably analogous state cause of action that the *differences* cannot be dismissed as unimportant." *Id.* at 649 (emphasis added).

Similarly, we cannot glean how the "differences" raised in Mr. Morgan's second complaint are barred by Morgan I. In the first action, plaintiff alleged the deprivation of procedural rights; in the second, a deprivation of substantive rights. Absent any findings of fact or conclusions of law in Morgan I, imposition of res judicata seems dubious given the liberal rules of pleading and Wyoming's strict use of res judicata.

Application of preclusion doctrines in this instance would deny Mr. Morgan a full and fair opportunity to litigate his claim under Wyoming principles of claim preclusion and contravene the very nature of a § 1983 action. The trial court erred in precluding Mr. Morgan's second action.

### IV.

The trial court barred the action against Mr. DeHerrera on the basis of res judicata deciding Mr. DeHerrera was in privity with the City. Mr. DeHerrera raised the Morgan I action to preclude the federal action but never asserted on what grounds he could offensively use res judicata.

Mr. Morgan sued Mr. DeHerrera for his individual actions, alleging these acts were willful and malicious. Wyoming law of res judicata applies only to parties or their privies. We fail to see how Mr. DeHerrera's employee/employer relationship bars his presence in this suit when he is named for actions for which he allegedly was personally responsible. *Smith v. Updegraff*, 744 F.2d 1354 (8th Cir.1984). In *Beard v. O'Neal*, 728 F.2d 894 (7th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984), the court refused to preclude suit against one F.B.I. agent when judgment had already entered against the F.B.I. on the same set of facts. The court could discern no basis for privity when the present agents were sued for their individual acts or inaction. *See Harrington v. Vandalia-Butler Board of Education*, 649 F.2d 434 (6th Cir.1981) (individual school board members not in privity with defendant school board in subsequent action). We, too, fail to see how the prior suit against the City alleging the deprivation of procedural rights bars this action for punitive damages against Mr. DeHerrera for acts he allegedly committed under color of state law.[9] If the only basis of the City's liability was respondeat superior, and the suit was dismissed, Mr. DeHerrera can still be subject to suit in his own capacity. The trial court misapplied Wyoming law in precluding suit against Mr. DeHerrera on the grounds of privity.

We therefore reverse the district court and remand for a determination of whether Mr. Morgan was fired for constitutionally impermissible reasons.

---

**9.** However skeletal the record of Morgan I, it is clear that Mr. DeHerrera was not the person to provide procedural due process.