943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond OWENS, Petitioner-Appellant,
v.
Raymond ROBERTS, Kansas State Penitentiary Warden, and
Attorney General of the State of Kansas,
Respondents-Appellees.
 No. 90-3304.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on petitioner's motion for leave to proceed in forma pauperis. We grant petitioner's motion and proceed to the merits of the case.
 
 
 3
 Mr. Raymond Owens pled guilty in a Kansas court to one count of taking indecent liberties with a child, in violation of K.S.A. § 21-3503. Mr. Owens ultimately was sentenced to three to ten years, the minimum sentence, but was denied probation. Mr. Owens appealed his sentence to the state appellate court.
 
 
 4
 Because Mr. Owens was appealing the minimum sentence, the state appellate court presumed that he was appealing the denial of probation. The Kansas state appellate court held that it was without jurisdiction to hear direct appeals from the denial of probation. Accordingly, the appellate court dismissed the appeal.
 
 
 5
 Without undertaking any collateral state action, Mr. Owens next brought this habeas corpus action in federal district court. The district court dismissed because Mr. Owens failed to exhaust state remedies. We review the dismissal de novo. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986).
 
 
 6
 It appears that those courts do have jurisdiction to entertain a collateral challenge. See K.S.A. § 60-1507. Thus, Mr. Owens must exhaust that state remedy before bringing a federal habeas corpus action. We therefore need not pass on Mr. Owens' motions requesting additions to the record on appeal.
 
 
 7
 The order of the district court is therefore AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3