946 F.2d 901
 1991-2 Trade Cases P 69,654
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 TELESTAR, INC., Plaintiff-Appellant,
v.
MCI COMMUNICATIONS CORPORATION, Western Tele-Communications,
Inc., and Westmarc Communications, Inc.,
Defendants-Appellees.
 Nos. 90-4125, 90-4128.
 United States Court of Appeals, Tenth Circuit.
 Oct. 9, 1991.
 
 Before HOLLOWAY, SETH and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Appellant TeleSTAR, Inc. ("TeleSTAR") appeals an order of the district court dismissing its complaint for failure to plead with the requisite specificity facts sufficient to support a claim for an antitrust violation. On appeal, TeleSTAR contends that the district court erred by not considering either the "improper means" exception or the "sham" exception to the Noerr-Pennington Doctrine. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 We review the sufficiency of a complaint de novo and apply the same standard as the district court. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). All well-pleaded allegations in the plaintiff's complaint are presumed true. Curtis Ambulance of Fla., Inc. v. Board of County Comm'rs, 811 F.2d 1371, 1374 (10th Cir.1987). The complaint will not be dismissed unless it appears that the plaintiff cannot prove any facts entitling him to relief. Id. at 1375 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
 
 
 3
 TeleSTAR argues that the Noerr-Pennington Doctrine does not immunize the appellees' conduct with regard to the FCC proceeding at issue in this case. Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); Mine Workers v. Pennington, 381 U.S. 657 (1965). Appellant contends that the "improper means" and "sham" exceptions to the Noerr doctrine provide a cause of action given the facts alleged in their complaint. In an attempt to meet the requirements of the "improper means" exception, TeleSTAR asserts that a conspiracy existed between the appellees and the FCC. Although this circuit has not explicitly addressed whether there is a conspiracy exception to the Noerr Doctrine, see Oberndorf v. Denver, 900 F.2d 1434, 1440 (10th Cir.), cert. denied, 111 S.Ct. 129 (1990), the United States Supreme Court recently made it very clear that there is absolutely no conspiracy exception to the Noerr Doctrine. See City of Columbia v. Omni Outdoor Advertising, Inc., 111 S.Ct. 1344, 1355 (1991) ("we conclude that a 'conspiracy' exception must be rejected"). Therefore, the appellant's "improper means" argument must fail.
 
 
 4
 We next address whether TeleSTAR's complaint is sufficient to state a cause of action under the "sham" exception to Noerr. In City of Columbia, the Supreme Court stated that "the 'sham' exception to Noerr encompasses situations in which persons use the governmental process--as opposed to the outcome of that process--as an anticompetitive weapon." Id. at 1354. Thus, in order to satisfy the "sham" exception and to state a cause of action, TeleSTAR must demonstrate that the appellees sought to use the process--and not the outcome of that process--for anticompetitive effects. The complaint must show that the appellees' actions were "not genuinely aimed at procuring favorable government action." Allied & Conduit Corp. v. Indian Head, Inc., 468 U.S. 492, 500 n. 4 (1988).
 
 
 5
 Simply stated, in this case, the appellees appeared before the FCC and opposed the issuance of the FCC licenses to TeleSTAR. The FCC eventually denied TeleSTAR's request for a license. TeleSTAR then filed its complaint alleging that the appellees had interfered with the FCC process in violation of antitrust laws. However, the complaint provides no factual basis for any allegation that the appellees were attempting to use the process for an anticompetitive effect. Instead, according to the complaint, it appears that the appellees used the outcome of the process--the denial of a license--for an anticompetitive effect. Although the appellees may have attempted to harm TeleSTAR's place in the market, they attempted to do so only through the ultimate product of the FCC process. Under the City of Columbia standard, this type of activity remains protected under Noerr. Therefore, TeleSTAR failed to allege sufficient facts to state a claim for an antitrust violation.
 
 
 6
 Because the activities allegedly engaged in by the appellees are protected under the Noerr-Pennington Doctrine, the district court properly dismissed TeleSTAR's complaint. AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3