**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 20, 2006**

**TENTH CIRCUIT**

EMERSON FALLICE CALVERT,

Plaintiff-Appellant,

v.

ROBERT J. SAFRANEK; STANLEY
BRINKLEY; DONALD L. BLAKE;
GARY BEEDY; THEODORE L.
LYONS; STEVE BURGESS;
RODANA L. DEVERS; LEROY
YOWELL,

Defendants - Appellees.

Nos. 06-1051 and 06-1123
(District of Colorado)
(D.C. No. 05-CV-1713-REB-PAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

The State of Colorado charged Emerson Calvert in 1998 with violating the

zoning ordinances of his home county, Lincoln, by maintaining one of his

properties in the condition of a "junk yard." To resolve the dispute, Mr. Calvert

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1,
2007).

agreed on December 7, 1998, to a Consent Judgment and Order of Abatement. According to the terms of the order, Mr. Calvert pledged to bring his property into compliance with the county zoning ordinance by removing all items classified as junk, with the exception of designated personal property. Mr. Calvert, however, repeatedly failed to comply with the court's order, and after multiple citations and an additional court judgment directing him to remove all unlawful items from his property, the district court held Mr. Calvert in contempt. He was penalized with a $5,000 fine and detention first in the county jail and then at home.

Mr. Calvert brought a 42 U.S.C. § 1983 action against various elected officials and employees of Lincoln County, including the prosecutor who tried the cases and Stanley Brinkley, the state court judge who twice ruled against him, levied the fine, and imposed Mr. Calvert's detentions. Mr. Calvert alleged that the prosecutions were malicious, and along with the resulting court judgments, violated his due process and equal protection rights. The federal district court dismissed all of Mr. Calvert's claims under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The court also ruled that Mr. Calvert's claims against Judge Brinkley were barred by judicial immunity and the claims against prosecutor Safranek by prosecutorial and legislative immunities. Finally, the district court denied Mr. Calvert's motion to proceed on appeal *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. After reviewing the district court's opinion *de novo*, *see Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006), we **AFFIRM**.

Mr. Calvert, who is proceeding pro se, urges us to reverse the judgment below and afford him, at the very least, a hearing in court. He admits that his pleadings have been inartful, but points out that he is not a lawyer and is "learning as he goes." Appellant's Reply Br. 4. He takes particular umbrage at the district court's application of the *Rooker-Feldman* and immunity doctrines, which strike him as just the sort of byzantine formulas invented by lawyers that ought not to defeat an average citizen's plea for relief.

Because he is proceeding *pro se*, we construe Mr. Calvert's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). And we note that his instinct—that he should be allowed to present his claims in court—is generally sound: Dismissal at this early stage of the litigation is appropriate only when the plaintiff "can prove no set of facts in support of his claim to entitle him to relief." *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986). This is a high standard. Yet no federal court can proceed in the absence of jurisdiction, and we conclude that this Court has no jurisdiction over Mr. Calvert's constitutional claims. We begin by considering his three constitutional arguments, and then turn to his additional allegations against Robert Safranek and Stanley Brinkley.

# I. Constitutional Claims

Mr. Calvert contends that the state's prosecutions and resulting court judgments against him violated his due process and equal protection rights. This Court cannot grant Mr. Calvert the relief he seeks, however, without directly or indirectly overturning the state court judgments he protests. This Court is competent to do neither. Federal statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). It is the United States Supreme Court, and not the inferior federal courts, which holds the power of judicial review over state judgments. The *Rooker-Feldman* doctrine recognizes that section 1257(a) "implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).

Rehearsing the language of the Fourteenth Amendment's Due Process Clause, Mr. Calvert asks this Court to enjoin any future actions to enforce the state court's October 2003 order against him, and to award him damages for the losses he has suffered by complying with that order. As is clear from the relief sought, *see Crutchfield*, 389 F.3d at 1147-48, the injury of which Mr. Calvert complains arises from the state court judgment itself. Were we to grant Mr. Calvert's petition, we would disrupt enforcement of that court order, as if we had

declared it void. Since we have no power to review the order itself, we have no power to frustrate its enforcement. *See Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (holding that a party losing in state court may not seek what would amount to appellate review of that decision in federal court based on the claim that the decision violates the loser's federal rights).

The same is true for Mr. Calvert's equal protection and malicious prosecution claims. For these claims too he seeks as a remedy abrogation of the state court judgment. We reiterate that the lower federal courts lack jurisdiction to review, reverse, or grant relief from a final state court judgment, even if that judgment was the result of selective or malicious prosecution or some other constitutional violation. *See Crutchfield*, 389 F.3d at 1147. The United States Supreme Court is the appropriate forum in which to raise these challenges.

## II. Additional Claims against Robert Safranek

Mr. Calvert brings additional claims of malicious prosecution against Robert Safranek for fifty-four misdemeanor cases Mr. Safranek initiated against Mr. Calvert between 1969 and 1976, while Mr. Safranek was serving as the Lincoln County Attorney. We dismiss these claims in full and with prejudice. A criminal prosecutor enjoys absolute immunity from damages under section 1983 when he "initiates a prosecution" and "present[s] the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Scott v. Hern*, 216 F.3d 897, 908-09 (10th Cir. 2000).

Mr. Calvert also alleges that Mr. Safranek drafted the 1973 Lincoln County zoning ordinance in order to punish Mr. Calvert and put him out of business. The U.S. Supreme Court has made clear, however, that absolute immunity extends to local legislators pursuing essentially legislative tasks. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). In Colorado, adopting zoning ordinances is a legislative function entrusted to the boards of county commissioners. *Bd. of County Comm'rs of Boulder County v. Thompson*, 493 P.2d 1358, 1361 (Colo. 1972). Mr. Safranek helped draft the ordinance in question as a member of one of these boards. Accordingly, he is entitled to absolute legislative immunity.

### III. Claims against Stanley Brinkley

Mr. Calvert contends that Judge Stanley Brinkley slandered him from the bench when the latter allegedly declared at sentencing that he intended to "make an example" out of Mr. Calvert. R. vol. 1, doc. 1 at 5-6. This is not a claim upon which relief can be granted. Judges have absolute immunity from suits for monetary damages for their judicial acts, including sentencing. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Mr. Calvert's claim against Judge Brinkley must be dismissed with prejudice.

### IV. Attorneys' Fees

Mr. Calvert asks us to reverse the district court's award of attorneys' fees to the defendants in these suits. The connection between the tale of woe he offers as an argument on this score and the legal point at issue is far from clear. What is

clear is that Mr. Calvert failed to appear at the district court hearing on the defendants' motion for attorneys' fees and otherwise failed to make any arguments to the court below as to why the clear language of Colorado Statute § 38-35-204(2), awarding attorneys' fees to the aggrieved parties in a spurious *lis pendens* action, should not apply to him. We will not consider arguments waived or abandoned in the district court. *See O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990).

### V. Motion to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, Mr. Calvert has petitioned this Court to waive his filing fees. Because we agree with the district court that the appeal is not taken in good faith, we deny the motion.

### VI. Conclusion

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**. Appellant's motion to proceed *in forma pauperis* is **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge